CASE 88—PETITION EQUITY—FEBRUARY 20.

# Spencer, &c., v. Parsons, &c.

APPEAL FROM MARION CIRCUIT COURT.

<div style="float:right">

89  577
f102 332

89  577
105  420

89 577
e109 473

89  577
h119 421

89  577
j124  243

</div>

1. VOID JUDGMENT.—In order to obtain relief from a void judgment neither an appeal nor a direct proceeding to vacate the judgment is necessary. It may be resisted in any court of general jurisdiction in which it is attempted to be enforced.

2. A PERSONAL JUDGMENT AGAINST A married woman, upon a contract made by her during coverture, is void, and she may resist its enforcement against either her general or separate estate.

3. A MARRIED WOMAN CAN MAKE NO CONTRACT BINDING HER PERSONALLY, or subjecting her to a judgment in personam.

4. PLEADING LEGAL CONCLUSION.—In an action to enforce a judgment against a married woman, the averment in the reply that in the action in which the judgment was rendered, the defendant and her husband " availed themselves of all defenses, both legal and equitable," is a sort of legal conclusion of the pleader, and is not equivalent to an averment that the wife, in that action, set up her coverture, and that the court then decided whether such was her status.

HARRISON & BELDEN FOR APPELLANTS.

The debt for which the judgment sued on was rendered was not a debt for which the wife was bound; and, therefore, the judgment is void.
A guardian can not, by taking possession of a stranger's property, make his ward liable to an action; neither can a husband, by any act or promise of his, subject his wife to a suit or liability of any kind. (Schouler's Domestic Relations, p. 463.)

SAMUEL AVRITT FOR APPELLEES.

1. The only question left open by the decision of this court upon the former appeal in this case was, whether or not the judgment sued on is void.

2. Where the court rendering a judgment has jurisdiction of the parties and of the subject-matter, the judgment is not void, and can not be questioned collaterally, however erroneous it may be. (Watson v. Morrison, 4 Bibb, 336; McIlvoy v. Speed, 4 Bibb, 85; Wallace v. Usher, 4 Bibb, 508; Shackleford v. Miller, 9 Dana, 274; Benningfield v. Reed, 8 B. M., 103; Hynes v. Oldham, 3 Mon., 267; Gardner v. Strader, 5 Litt., 315; Sanders v. Gatewood, 5 J. J. Mar., 328; Green v. Ball, 4 Bush, 590; Dunlap v. McIlvoy, 3 Litt., 278; Spald-

Spencer, &c., v. Parsons, &c.

ing's Adm'r v. Wathen, 7 Bush, 662; Paul, &c., v. Smith, &c., 82 Ky., 454.)

3. A judgment against a married woman is not void. After judgment, the plea of disability is no longer available. (Fauntleroy's Heirs v. Crane's Heirs, 5 B. M., 138; Jarmin, &c., v. Wilkerson, &c., 7 B. M., 294; Bishop on Married Women, secs. 386, 486; Bagby v. Champ., 6 Ky. Law Rep., 250; Civil Code, sec. 518.)

4. The separate estate of a married woman is liable for her debts. (Bell & Terry, &c., v. Kellar, 13 B. Mon., 384; Lillard v. Turner, &c., 16. B. Mon., 375; Petty v. Malier, 14 B. Mon., 247; Johnston and Wife v. Jones, 12 B. Mon., 329.)

As to her separate estate, a married woman is, in every respect, as though she were discovert; and, therefore, it is immaterial how the debt sought to be enforced was created.

5. As this court held, upon the former appeal, the burden was upon Spencer and wife to show that the judgment was void, which they have wholly failed to do. The proof in this case is so meagre the court can not intelligently determine what was litigated in the original case.

6. The matter upon which the judgment was rendered was cognizable exclusively in equity, and the judgment rendered in equity, and equity will not regard as void a judgment against a married woman in an equitable proceeding.

7. The judgment was based upon a tort, begun in infancy, and continued after coverture, and both infants and *femes covert* are liable for torts..

*JUDGE HOLT* DELIVERED THE OPINION OF THE COURT.

This is an effort to enforce a judgment against the separate property of a married woman, rendered when she was such *feme covert*. The lower court, upon demurrer to the petition, dismissed the action.. This court, upon appeal, said, in substance, that the judgment sued upon might, or might not, be void. If based upon her tort, or a contract executed by her *dum sola*, or rendered when she was a *feme sole*, it would not be void; but if founded upon a claim of such a character as would ordinarily support only an ordinary action, then, as it would be void as to her, so would any judgment against her upon it. This

view was taken after as careful an examination and consideration of the authorities as was possible, and the opinion of the court will be found in 83 Ky., page 305.

As the character of the claim upon which the judgment had been rendered did not appear from the petition, this court reversed the judgment, dismissing it, and remanded the cause for further preparation. The issues having been formed by proper pleading, and a part of the record of the suit in which the judgment sought to be enforced was rendered being in evidence, the lower court rendered a decree enforcing the judgment against the property of the *feme covert*, and she has appealed.

The record of the old suit, filed in this one, sufficiently identifies it as the action in which the judgment sued upon was rendered. The pleadings in this suit give the style of the action and the court in which the judgment was rendered, and the record in evidence conforms thereto. It shows also that the claim was not of a character authorizing the personal judgment against the female appellant, who was then a married woman, and the question is, therefore, presented, whether she can now resist its enforcement against her property upon the ground that it is void by reason of her coverture when it was rendered. The opinion upon the former appeal substantially decided the question. It is contended, however, with earnestness and ability, that it must be treated as erroneous only; that it can not, therefore, be assailed collaterally, and the party can obtain relief from such a judgment only by vacating it by a direct proceed-

ing, or by an appeal. The proceedings authorized by our Code of Practice for reversing or vacating a judgment apply where it is merely erroneous, and, therefore, voidable. If it be void, however, it may be resisted in any court of general jurisdiction, and not merely in the court which rendered it. Although, therefore, the judgment in question was rendered in a different court from that in which this action was brought, yet, if it be void, the appellant may defend against it, because no subsequent proceedings can be based upon a void judgment. It is well settled that a judgment which is merely erroneous can not be assailed collaterally. If the court has jurisdiction of the person and the subject-matter, then, however irregular may be the proceeding, the judgment is merely erroneous, and is binding until reversed or vacated in the manner provided by law. This is what the cases decide which are cited by counsel for the appellee.

It is equally well settled that a void judgment will not support further proceedings; so the question is at last, is this judgment void, or merely erroneous?

Generally, a *feme covert* has no personality in law. She is not recognized by it, save in a few excepted cases, so that a personal judgment can be taken against her. The contracts of an infant are, in general, voidable only, while those of a married woman are void. True, she may, under certain circumstances, bind her separate estate, but not herself personally, the reason being that she has no personal identity in law. It does not follow, because, as an exceptional case, a personal judgment may go against her for her tort, or

upon a contract made by her when single, the reason being that her *status* at the making of it is regarded as following it to its completion, that, therefore, all personal judgments against her are merely erroneous, and not void. If she has no legal *status* in court, certainly it should have no jurisdiction to render a judgment binding her personally. Her existence is merged in that of the husband, and she can make no contract binding herself personally, or subjecting her to a judgment *in personam*. Her contract is void in law. In equity it may be enforced against her separate estate if she so intended; but she incurs no personal liability by it, because she has, legally speaking, no personal existence, and it must be satis-fied out of her estate by proceedings *in rem*. She is, by law, incapacitated from retaining an attorney, and no personal liability arises, because she has no legal existence. There is, therefore, so far as she is concerned, no person within the court's jurisdiction. If a personal judgment be rendered upon a claim, the alleged liability is merely placed upon an advanced footing; and if originally it was void as to her, then the unauthorized judgment should not estop her from resisting it, from the fact that she was not *sui juris,* and had no such legal existence as authorized a per-sonal judgment.

We are aware there is a conflict of authority in this country upon this question, but the views above advanced seem to us not only supported by reason, but we know they are sustained by such high author-ity as the Supreme Courts of Pennsylvania, Missouri, and other States. In this case the rights of no inno-

cent or third parties have intervened. The present action is between those who were parties to the unauthorized judgment, and its entry, inasmuch as the claim upon which it was founded was void as to her, and she could have no voice or control of the suit, should not prejudice her. Her helplessness must protect her. As to her, the judgment was void.

In the case of Green, &c., v. Page, 80 Ky., 368, notes were given by a husband and wife for an interest in a hotel building. In an action by the assignees against the assignors, it was claimed that the failure to take a personal judgment upon the notes against the wife absolved the assignors from liability; but this court said that such a judgment would have been a nullity. The views of this court, as given in the opinion upon the former appeal of this case (and as now again stated), have since been followed in the case of Stevens, &c., v. Deering, &c., 10 Ky. Law Rep., 393. It is averred in the reply, and not denied, that in the action in which the judgment now sought to be enforced was rendered, the appellant and her husband availed themselves of all defenses, both legal and equitable. This is a sort of legal conclusion of the pleader. It is not averred that she, in that action, set up her coverture, and that the court then decided whether such was her *status*, and passed upon the question, nor does this otherwise appear.

The original appeal is sustained, and judgment below reversed, with directions to dismiss the action.

This disposes of the cross-appeal, and it is dismissed.