CASE 68—ACTION TO ENJOIN COLLECTION OF JUDGMENT—DEC. 6.

# Wren v. Ficklen & Others.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

HUSBAND AND WIFE—VALIDITY OF JUDGMENT AGAINST MARRIED WOMEN.

Held: Under the married woman's act of March 15, 1894, a married woman can not resist the enforcement of a judgment against her on the ground that she was liable only as surety in the note upon which the judgment was rendered, as that defense could have been made in the original action.

B. T. DAY AND HENRY WATSON, ATTORNEYS FOR APPELLANT.

ED C. O'REAR AND R. H. WINN, ATTORNEYS FOR APPELLEES.

(No briefs in record.)

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

From the averments of the petition, and which are taken as true on demurrer, it appears that the appellant is the wife of Burt Wren, and was at the time she executed the note to the appellees as surety for her husband on November 10, 1894; that subsequently a suit was instituted on the note against her, and in 1898 a personal judgment was rendered against her thereon; that an execution issued upon it, which was levied upon land belonging to her with the view of selling it to pay the judgment. She sought to enjoin the collection of the judgment upon the ground that it was rendered on a note which she executed as surety for her husband; and it is, therefore, claimed that her land can not be subjected to its payment. It is insisted for the appellees that, although she may have signed the note as surety for her husband, that defense could only

be made in the action instituted on the note, and that she has been concluded by the judgment until it is reversed or vacated. Counsel for appellees quote from Freem. Judgm. (3d Ed.), section 150, where it is said: "Judgments against *femes covert* can not be set aside or enjoined in equity without establishing such facts as would entitle the applicant to relief independent of the fact of coverture, with the exceptions of judgments shown to have been obtained through the fraud of the husband in combination with another person. It is not enough that a married woman prove facts sufficient to have avoided the judgment in the first instance. She must allege and establish that she was deprived of a full defense by the contrivance of her adversary." That rule announced by Freeman did not obtain in this State before the act of March 15, 1894, commonly called the "Married Woman's Act," for this court, in Spencer v. Parsons, 89 Ky., 577; (13 S. W., 72), held that a personal judgment against a married woman upon a contract made by her during coverture is void, and she may resist its enforcement against either her general or separate estate; that she could make no contract binding her personally, or subjecting her to a judgment *in personam*. The rights of the parties to this litigation must be determined by the act of March 15, 1894, and the general doctrine as to the validity of judgments. Section 2128 of that act provides that a married woman "may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract." Section 2127 also provides that "no part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, de-

fault or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance." Section 2128 certainly confers upon a married woman the right to make contracts and sue and be sued. If she can sue and be sued, she has the same right to make defense to an action as a single woman would have. If she can be sued, and is capable of making a defense to the action, then whatever judgment may be rendered against her is binding. She must be relieved from the effects of that judgment and the consequences of it in the same way that a single woman would get relief. If she signed the obligation as surety for her husband while laboring under the disability of coverture, she could have pleaded that fact as a defense to the action in which the judgment was rendered, and thus, if she establish her plea, defeat a recovery. Whether she made such a plea or not does not appear from the record. If she had pleaded coverture as a defense to the note, and had not sustained her plea, certainly she could not again relitigate the question as to whether she was liable as surety for her husband on the note in an action to enforce the judgment. Whatever she might have pleaded as a defense to the note must be treated, in an action to enforce the judgment, as having been relied on as a defense to the action; for, if she failed to make the defense, the effect is exactly the same as it would have been had she made it, and failed to establish it. While the judgment remains in force, the presumption is conclusive that the disability of coverture was not a good defense to the obligation upon which the judgment was rendered. The statute says a married woman's estate shall not be subjected to the payment or satisfaction of any liability upon a contract made after marriage to answer for the debt of

another. This language does not, nor was it intended to, put it within the power of a married woman, after her liability had been fixed by the judgment, to then plead that it was an obligation for the debt of another; and therefore the judgment should not be enforced. If her property can not be subjected to the payment of the judgment, it was idle to obtain it. It would be utterly valueless if it was not enforceable. Her rights were concluded by the judgment. Therefore she will not be permitted to show the character of the liability on which it was rendered, and thus defeat its enforcement. The judgment is affirmed.