CASE 46—ACTION BY ANDREW DEUSCH AGAINST ADELAIDE QUESTA AND
OTHERS TO RECOVER LAND.—OCT. 20.

# Deusch &c. v. Questa &c.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. AFFIRMED.

HUSBAND AND WIFE—MORTGAGE BY WIFE—HUSBAND NOT JOINING—
JUDGMENT AGAINST WIFE—BINDING ON WIFE—EFFECT ON HEIRS—
ESTOPPEL.

Held: 1. Under Kentucky Statutes, section 2128, authorizing a
married woman to make contracts as though she was single, ex-
cept that she may not mortgage her real estate without joinder
of her husband, a married woman's mortgage of her real estate
in which her husband did not join is void.

2. Under Kentucky Statutes, section 2128, providing that a married
woman may sue and be sued as a single woman, a judgment
against a married woman alone, in an action to foreclose a mort-
gage given by her in which her husband did not join as required
by said section, is binding on her and her heirs.

3. The children of the wife take only such rights as she had, and
they are likewise bound by the judgment against her.

4. In conferring upon married women the power to sue and be sued
alone, the Legislature relieved them from the power of their
husbands in all actions, and the estoppel of a judgment operates
upon them in all cases as though they were unmarried.

HALL & McLEAN, ATTORNEYS FOR APPELLANTS.

Before the enactment of the Married Woman's Act of 1894,
Christina Deusch, then a married woman, executed a note to
George Bright for $4,500, and a mortgage to secure same. Her
husband signed neither the note nor the mortgage. After the
enactment of said act, suit was filed against her alone on said
note and mortgage, in which personal judgment was taken
against her, a lien declared in favor of plaintiff and the mort-
gaged property sold to pay same, and was purchased by plain-
tiff in said suit and sold and conveyed to the appellees herein.

Christina Deusch then died leaving a husband and appellants—
her children. After the death of her husband, the children (ap-

Deusch, &c., v. Questa, &c.

pellants herein) brought this suit seeking a judgment declaring the judgment and all steps taken thereunder void, and declaring appellants to be the owners of the property sold under the mortgage and requiring an accounting of rents, etc.

The court sustained a demurrer to the petition, and plaintiffs declining to plead further, their petition was dismissed and they appealed.

The only ground for contending that the title of Mrs. Deusch passed by reason of this mortgage, judgment and sale, is that she is estopped by failure to appear and plead to the suit.

Married women can often be estopped by their acts, but it is a rule of universal application that *a married woman can not do by estoppel what she can not do directly.* Otherwise, she could, by her own act, enlarge her rights and privileges by avoiding the limitations placed upon them.

The mortgage being void before the act of 1894, continued to be void after the passage of said act. Said act did not enlarge her right to convey or mortgage her real estate without joining her husband therein, and we contend that if the mortgage was not made valid by the act of 1894, the petition was good on demurrer.

### AUTHORITIES CITED.

Bohannon v. Travis, 14 R., 912; Robinson v. Robinson, 11 Bush, 174; Am. & Eng. Ency. of Law, vol. 14, p. 637; Ogels by Coal Co. v. Pasco, 79 Ill., 164; Bigelow on Torts, p. 600; Glidden v. Strupler, 52 Pa. St., 400; Powell's Appeal, 98 Pa. St., 403; Towles v. Fisher, 77 N. Car., 437; Mason v. Jordan, 13 R. I., 193; Doyle v. Kelly, 75 Ill., 574; Graham v. Long, 65 Pa. St., 383; Wood, &c., v. Terry, &c., 30 Ark., 385; Morrison v. Wilson, 13 Cal., 494; Bahler v. Weyburn, 59 Ind., 143; Lowell v. Daniels, 2 Gray, 161 (Mass.); Todd v. The Pittsburg, Ft. Wayne & Chi. Ry. Co., 19 O. St., 514; Connolly v. Branstter, 3 Bush, 702; Craddock v. Tyler, 3 Bush, 361; Heck v. Fisher, 78 Ky., 643; Newman v. Moore, 94 Ky., 147; Bull v. Sevier, 88 Ky., 515; Holloway v. Louisville, &c., Ry. Co., 92 Ky., 244; Rusk v. Tenton, 14 Bush, 490; Fitter v. Wilson, 12 B. Mon., 90; Louisville Ry. Co. v. Stephens, 96 Ky., 401; Passmere v. Eastin's Admr., 90 Ky., 381; Webster v. Tattershall, 18 R., 439; Burnett v. Shackelford, 6 J. J. Mar.; Smith v. Shackelford, 9 Dana, 452.

ERNST, CASSATT AND McDOUGALL, ATTORNEYS FOR APPELLEES.

The judgment which is attacked in this action was rendered in a court which had the jurisdiction of the person of the de-

fendant and the subject-matter of the action, and in an action instituted at a time when it was the privilege of Christina Deusch to sue and be sued as a feme sole; and as a necessary consequence, her duty when she was sued was to make any defense which she had or had knowledge of, or be forever estopped by the judgment of the court.

We contend that that judgment not having been appealed from and being in full force and effect, is conclusive against Christina Deusch or any one claiming under her, and can not be collaterally attacked.

We contend:

1. This collateral attack on the judgment can not be maintained.

(2) There are two recent decisions of this count directly in point, viz.: Wren v. Ficklin, 22 R., 1035 (109 Ky., 472); Turner v. Gill, 20 R., 1253 (105 Ky., 414).

3. These Kentucky cases are fully supported by the text writers and the courts of other States, viz.: Freeman on Judgments, sec. 150; Watson v. Camper, 119 Ind., 60; Hartman v. Ogburn, 54 Pa. St., 120.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Christina Deusch, in the year 1890, executed a mortgage to Georgia D. Bright on certain land in Covington to secure a debt of $4,500, her husband not joining in the mortgage. On July 15, 1895, Bright filed suit against her, and on November 20, 1898, recovered a personal judgment for the debt; also an order for the sale of the property to pay the debt. The sale was made under the judgment. The land was purchased by the plaintiff, the sale was confirmed, and the land was conveyed to her. Thereafter she sold and conveyed the property to appellee Adelaide Questa, who has since held it. Mrs. Deusch's husband was not a party to the suit. Some time after this she died, and also her husband. This action was begun on February 4, 1901, by her heirs at law, to recover the property from Mrs. Questa on the ground that the mortgage, judgment, sale, and all proceedings thereunder were void.

As the husband of Mrs. Deusch did not join in the mortgage, it was void, and, if no judgment had been rendered upon it, it could not be enforced. The question to be determined is whether the same rule applies to the judgment rendered against her since the act of March 15, 1894, which is now embraced in sections 2127-2148, Kentucky Statutes, 1899, because the husband was not a party to the proceedings. By this act it is provided: "A married woman may take, acquire and hold property, real and personal, by gift, devise or descent, or by purchase, and she may, in her own name as if she were unmarried, sell and dispose of her personal property. She may make contracts and sue and be sued as a single woman ,except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband join in such contract." Section 2128. "Husband and wife may sell and convey her land and chattels real, but the conveyance must be acknowledged and recorded in the manner required in the chapter on conveyances." Section 2129. Since this statute was passed it has been held by this court that a married woman, having power to sue and be sued as though she were single, is bound by judgments against her as other litigants. Turner v. Gill, 105 Ky., 414, 20 R., 1253, 49 S. W., 311; Wren v. Ficklen, 109 Ky., 472, 22 R., 1035, 59 S. W., 746; Howard v. Gibson, 22 R., 1294, 60 S. W., 491; Shanklin v. Moody, 23 R., 2063, 66 S. W., 502. It is insisted, however, for appellants, that by the statute the wife can not sell or convey or mortgage her land unless her husband joins with her, and that to permit her to be bound by a judgment in a case to which he is not a party is to allow her to accomplish by indirection what she can not do directly; and in support of this we are referred to a number of authorities to the effect that a married woman can not do by estoppel what

she can not do by direct contract. There is some conflict
in the authorities as to how far a married woman may be
estopped by her conduct (15 Am. & Eng. Ency. of Law, 799,
800), but we do not think it necessary here to consider this
question. In 24 Am. & Eng. Ency. of Law, 746, it is said:
"As a general rule, at common law a married woman can
neither sue nor be sued alone, but she must sue or be sued
in connection with her husband, and therefore, to render
a judgment conclusive upon her, it is necessary that her
husband should have been joined in the suit. By statute,
however, in most jurisdictions, the common-law rule has
been much modified, and in some jurisdictions the disabil-
ity of married women in this respect has been removed.
Where her disability has thus been removed, she will be
concluded by a judgment in a suit in which she sued or was
sued without the joinder of her husband." It is the pur-
pose of our statute to enlarge the rights of married women,
and among the rights conferred upon her is the right to
sue and be sued as a single woman. The right to sue and
be sued as a single woman necessarily carries with it the
right to sue or be sued alone, and without the joinder of
her husband. The exception in the act that she may not
make any executory contract to sell or convey or mortgage
her real estate is not a limitation upon her right to sue
and be sued as a single woman, but upon her power to con-
tract. By section 2132, Kentucky Statutes, 1899, after the
death of either husband or wife the survivor shall have an
estate for life in one-third of the real estate of which the
deceased spouse was seized in fee during coverture, unless
the right thereto has been barred or relinquished. Where
the husband is not a party to the suit, his rights under
this section are not affected by the judgment; but, as she
has the power to sue and be sued as a single woman, she is

bound as other litigants by a judgment against her. And
appellants, who are the children of the wife, take only such
rights as she had, as they claim under her. To hold other-
wise would be to deny the statute its natural effect, and to·
make·it mean that she may sue and be sued as a single
woman only in a certain class of actions. This is not the
meaning of the Legislature. It has conferred upon mar-
ried women the right in all actions to sue and be sued as
single women. The purpose is to relieve them from the
disability of coverture in so far as they could not sue or be
·sued alone. In conferring upon married women the power
to employ counsel and control their own lawsuits, the Leg-
islature had in mind relieving them from· the power of
their husbands in this particular, and, this being the case,
the estoppel of the judgment operates upon them in all
cases as though they were unmarried.

.  Judgment affirmed.