# Williamson, et al. v. American Reserve Bond Co.'s Receiver.

### (Decided October 11, 1910.)

## Appeal from Fayette Circuit Court.

1. Setting Aside Submission—Discretion of Court.—The setting aside of a submission of a case is always a matter in the discretion of the court.
2. Premature Submission—Motion Pending.—The submission of a case while a motion is pending to require the defendant to make his answer more specific and to fill the blanks in it, is improper.
3. Final Judgment—Set Aside by Action.—The only way in which a final judgment may be set aside after the term, is by an action for that purpose, under section 518 of the Code.
4. Final Judgment—Dismissal Without Prejudice—Adjudging Cost. —A judgment which dismisses the petition without prejudice to a future action but adjudges that the defendants recover of the plaintiff their costs in the action, is a final judgment.
5. Courts of Continuous Session—Motion to Set Aside Judgment.— In a court of continuous session, a motion made more than 60 days after a judgment was entered to set it aside, was properly overruled, as the court had then lost control of the action.

GEORGE S. SHANKLIN for appellant.

J. A. EDGE for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

J. C. Rogers, as receiver of the American Reserve Bond Company brought this suit against J. R. Williamson and others to recover on a note for $12,000.00 and to enforce a mortgage securing the note. He alleged in his petition that the note had not come to his hands, but was in possession of one of the defendants but he was not advised as to how he came into possession of it, and that subject to certain credits, the note was unpaid. He filed a copy of the mortgage as part of his petition. An

answer was filed which traversed the allegations of the petition, and alleged that the note had been paid, and the mortgage released of record. The answer was filed on November 16, 1908. On January 4, 1909, the plaintiff moved the court to require the defendants to paragraph the answer and to make it more specific. Without any ruling on this motion, on April 5, this order was entered:

"Ordered that this cause be now submitted."

On April 9, the plaintiff moved the court to set aside the order of submission because it was premature. On April 12, the defendant filed certain depositions. On April 15, the plaintiff moved the court to strike the depositions from the files because they were taken after the submission of the case. On May 10, the court overruled the plaintiff's motion to set aside the submission as premature, and sustained the plaintiff's motion to strike out the depositions. On June 7, this order was entered:

"Now comes the plaintiff, and on his motion the order of submission heretofore entered herein is set aside, and this cause is now dismissed without prejudice to a future action. It is adjudged by the court that the defendants recover of plaintiff their costs herein expended."

On October 4, the defendants moved the court to set aside the order above quoted. Affidavits were filed in support of this motion, and on February 28, 1910, the court overruled the motion of the defendants to set aside the order, and from this action of the court the appeal before us is prosecuted.

Section 371 of the Code provides that an action may be dismissed without prejudice to a future action "by the plaintiff before a final submission of the case to the jury, or to the court if the trial be by the court."

It is insisted that as this case had been finally submitted to the court the plaintiff had not the right to dismiss the action without prejudice to a future action. But the setting aside of a submission is always a matter in the discretion of the trial court. In the case at bar, the action had been submitted when no reply had been filed to the answer, and when the plaintiff had a motion pending that the defendants be required to make the answer more specific, and fill the blanks in it. The submission of the case before the motion was disposed of, and before the pleadings were made up was improper; and although the court had refused to set aside the submission, this was only an interlocutory order; and we do not

see that he abused a sound discretion in setting aside the submission instead of proceeding to judgment when it was apparent that the pleadings had not been completed and the cause was not ready for submission. In addition to this, the appeal before us is prosecuted from the order overruling the motion to set aside the order entered on June 7, 1909. The Fayette circuit court is of continuous session, and sixty days is a term. The order of June 7 after the expiration of the term was beyond the control of the court. The only way in which a final judgment may be set aside after the term is by an action for that purpose under section 518 of the Code. The judgment of June 7 not only dismissed the petition without prejudice to a future action, but adjudged that the defendants recover of plaintiff their cost in the action. It was therefore a final judgment, and the motion to set it aside was not entered until October 4, 1909, or more than sixty days after it was entered. The court had lost control of the action and properly overruled the motion.

Judgment affirmed.