# Lowther v. Moss.

(Decided May 26, 1931.)

TUGGLE & TUGGLE for appellant.

G. M. MANNING and B. B. SNYDER for appellee.

Opinion of the Court by Chief Justice Thomas—Reversing.

The Knox circuit court, in the case of E. S. Moss, Trustee, etc., v. United Producers Company's Trustee, etc., entered a judgment for the sale of certain lands in that county to settle indebtedness of the owner thereof, and directed a special commissioner to make the sale on a credit of six months, which he did on November 25, 1929, at which D. V. Lowther became the purchaser at the price of $16,213.15, the land having been appraised at $18,000. On December 7, thereafter, the commissioner who made the sale filed his report with duly executed sale bonds of the purchaser, and at the same term the report was confirmed without exceptions filed thereto. At a subsequent term of court, and on June 16, 1930, the trustee, plaintiff, E. S. Moss, filed his affidavit in the cause, and moved the court "to set aside the sale heretofore made in this action because nothing has been paid on said sale bond, which is now long past due," and which was his only ground therefor as incorporated in his affidavit. He further stated therein that he had theretofore addressed letters to the purchaser and to his two sureties, notifying them of the fact that the sale bond was past due, and that they had neither answered his letters nor satisfied the bond. That motion was made without notice to the purchaser, but he later entered his appearance to the motion by demurring to it and the affidavit in support of it; but that demurrer seems not to have been acted on, and later the court, over the objections and exceptions of the purchaser, sustained the motion, and set the sale aside and ordered the property resold, to which the purchaser excepted and prayed and prosecuted this appeal to this court.

The briefs of counsel cover a wide range and cite and rely upon many supposedly pertinent cases, all of which we have examined, and find that those of them possessing even remote bearing upon the issue here involved were rested upon facts, none of which appear in this case, and the questioned judgments in those cases involved rules of practice that were not resorted to or employed in this one. The single question presented by this appeal, growing out of the facts of the case, is: Whether a court upon the sole ground that past-due sale bonds have not been paid may set aside the sale and order another one at a term subsequent to the confirmation of

the sale, in which purchase bonds were executed, reported, and approved without some manifestation of insolvency of the bonds by some approved method or procedure? It is conceded, and which is true, that an order confirming a sale, as well as one setting it aside, is a final one, at least for the purposes of appeal to this court, and, that being true, it is argued that it necessarily follows that the court was without jurisdiction to entertain the motion to set aside the sale at a subsequent term after confirmation, except through some of the remedial methods provided by the law for the setting aside of final judgments and orders. However, it does not follow that appellant is thereby deprived of the right to appeal from the setting aside order rendered at the June, 1930, term of the Knox circuit court, unless he is prevented from doing so by not complying with the provisions of section 763 of the Civil Code of Practice, prescribing, in substance, that this court may not reverse or modify a void order or judgment, although final in its nature, until a motion to set it aside had been made in, and overruled by, the trial court, and which it is claimed appellants did not do with reference to the setting aside order from which they prosecute this appeal.

We have examined all of the cases cited in the notes to that section construing it (but which we will not herein insert), and we have found that none of them involved situations and conditions presented by this record. They all involve cases where concededly the judgment appealed from was void, and, generally, where the complaining party had not been given an opportunity to contest the right of the court to render it, and where that court had never had its attention called to the invalidating facts, nor an opportunity to pass upon them. A judgment is void when the court, (a) does not have jurisdiction of the subject-matter, or (b) jurisdiction of the person of the adversely affected litigant, and (c) although it has jurisdiction of both the subject-matter and the person so affected, it proceeds to act in a manner and at a time forbidden by law with respect to the matters and things adjudicated. In other words, for a judgment to be valid, the court must have jurisdiction of both the subject-matter and the person, and also have authority to render the particular judgment or grant the particular relief at the time it did. If it had jurisdiction of both the subject-matter and the person, and had the authority at the time it acted to grant the particular

relief that it did, but did so through improper procedure, the judgment would not be necessarily void, but only erroneous. See Freeman on Judgments (5th Ed.) vol. 1, secs. 333, 354, and 355.

Under some facts and circumstances, a court may set aside the sale of property and its confirmation at a term subsequent to the sale and confirmation, if facts authorizing it are sufficiently manifested in the proper procedure. The procedure employed in this case was, clearly, not a proper one, nor were the relied on facts sufficient to authorize the judgment appealed from, if the proper procedure had been employed. As we have seen, the sale bond was approved by both the commissioner who made the sale and by the court in its order of confirmation. Such a bond has the force and effect of a judgment upon which execution may issue. But no such process was taken out in this case, although the bond was only about thirty days past due at the time of the entry of the judgment appealed from, and at the time of the making of the motion at the subsequent term to set aside the sale; and all of which was based exclusively upon the fact that the bond had not been paid at that time. No judicial investigation was asked or had as to the solvency of the bond, nor had any steps been taken to collect it, either by execution, a rule against the purchaser to pay, or by any of the methods known to the law. The purchaser, under the facts herein disclosed (i. e., a confirmed sale after the execution of bond), acquired an equitable title to the property he bid in at the sale of which he could not be deprived, except through the channels of the law, and based upon facts authorizing the court to adjudge such deprivations, and when he has been so deprived without authority therefor he has the right to have the depriving order of the court reviewed by this one. If, therefore, it should be held that the judgment that set aside the sale, and from which this appeal is taken, was erroneous and not void because failing to employ the proper procedure in supplying the third (c) element, supra, to confer jurisdiction, then this appeal may be maintained by appellants, regardless of the provisions of section 763, supra, of the Civil Code of Practice. But, if the setting aside order from which the appeal is prosecuted was void for any reason, then the question is presented, whether the Code provisions should be observed as a condition precedent to the right of appeal by the losing litigant when he was present at

the trial below and, by himself or counsel, presented to that court the facts and grounds depriving the court of jurisdiction in the matter, and upon which the court acted and passed on their sufficiency?

The law is supposed to be both consistent and reasonable, and one of the maxims forming part of it is that "when the reason ceases the law ceases." Therefore, if the reason for complying with the provisions of section 763 of the Civil Code of Practice before an appeal can be prosecuted from a void order does not exist, because the purpose of the Legislature in enacting the Code rule of practice found in the section was complied with in the trial court by its attention being called to the invalidity of the proceeding, and it was thereby afforded an opportunity to consider and determine the question, then it would seem to be a useless performance to require an appellant from such an order or judgment to again give to the trial court an opportunity to reconsider the identical question originally submitted to it and in which its attention was called at the time the judgment was rendered to the invalidating facts. In that case and in such circumstances the reason for the rule enacted by the section of the Code would cease, and, under the maxim, supra, its requirements would also necessarily cease.

So that, under either view that might be taken as to the legal status of the judgment appealed from, we conclude that appellees' motion to dismiss the appeal as insisted on in supplemental brief of counsel should be overruled, and the case should be determined upon its merits. That determination, as heretofore indicated, is that the facts upon which the sale was set aside were insufficient to authorize that order, and that the remedy of the beneficiary in the judgment was the employment of such processes as the law sanctions, and to which he was entitled, to enforce the collection of the sale bond, and, if it proved abortive, to then resell the land to satisfy the bonds, or such portion thereof as proved to be uncollectible, and that, if enough to make such satisfaction was not realized in that way, the purchaser and his bondsmen would be personally liable for the deficit.

Wherefore the judgment is reversed, with directions to set it aside, and for proceedings consistent herewith.