## Noell et al. v. Webster et al.

(Decided Oct. 22, 1935.)

VEST & VEST for appellants.

J. L. VALLANDINGHAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

On January 30, 1905, I. M. Webster and Nellie Webster, his wife, conveyed a 35-acre tract of land in Gallatin county to J. W. Webster and Elizabeth Webster, his wife, by a deed containing the following clause:

"This is only a lifetime deed this property goes to the Senior Heirs of ———— party of the first part."

After the death of the grantees, J. W. Webster and Elizabeth Webster, a petition in equity was filed by I. M. Webster and his wife, Nellie Webster, and all the heirs of I. M. Webster, against Opal Kinman Webster, wife of one of the heirs, for the purpose of having the court determine the ownership of the land, and to have a sale thereof and a division of the proceeds in the event it was determined that the heirs of I. M. Webster were the owners of the land. The court adjudged that the heirs of I. M. Webster were the owners of the land, and ordered it sold. The sale took place on July 20, 1931, and Walter Noell and Georgia Noell became the purchasers at the price of $1,400, for which they executed bond with C. C. Higgins as surety. The sale was reported at the November term of the court, and no exceptions having been filed thereto, was confirmed on November 18, 1931. At the June, 1933, term, execution was ordered issued against the purchasers and their surety for the purchase price and interest. At the November, 1933, term, the purchasers and their surety moved the court to set aside the judgment and order of sale, and also the order confirming the report of sale. At the regular March, 1934, term, the motion was overruled, and the purchasers and their surety appeal.

An order confirming a judicial sale is final, Lowther v. Moss, 239 Ky. 290, 39 S. W. (2d) 501, and cannot be set aside after the term at which it was entered except in the manner and upon the grounds set forth in section 518, Civil Code of Practice, Williamson v.

American Reserve Bond Co.'s Receiver, 140 Ky. 215, 130 S. W. 1072, unless the judgment is void. Spencer v. Parsons, 89 Ky. 577, 13 S. W. 72, 11 Ky. Law Rep. 769, 25 Am. St. Rep. 555; Jenkins v. Crofton's Adm'r, 9 S. W. 406, 10 Ky. Law Rep. 456.

The sale was not attacked under section 518, Civil Code of Practice, so the only ground for setting aside the sale is that it was void.

(1) The first ground of attack is that the proceeding was under section 637, Civil Code of Practice, and that there was no affidavit that the controversy was real and the proceedings in good faith as required by that section, and the ruling in Jones v. Hoffman, 18 B. Mon. 656. The section in question provides in substance that the parties to a question which might be the subject of a civil action may, without action, state the question and the facts upon which it depends, and present a submission thereof to any court which would have jurisdiction if an action had been brought; but it must appear by affidavit that the controversy is real and the proceedings in good faith to determine the rights of the parties. Therefore it will be seen that the section deals with an agreed case which might be the subject of a civil action, and not with a case like the one in question where the action is actually brought. In view of the pleadings in the case, we are constrained to the view that section 637, Civil Code of Practice, is not controlling, but the case is one arising under the Declaratory Judgment Act, sections 639a-1 to 639a-12, Civil Code of Practice, in connection with section 490, subsec. 2, Civil Code of Practice, and the absence of an affidavit did not render the sale void.

(2) The sale is also attacked on the ground that one of the parties to the action being an infant, the failure to allege that the joint owners were in possession rendered the judgment void. In reply to this contention, it is sufficient to say that the joint ownership of plaintiffs was sufficiently alleged, and that Civil Code of Practice, section 490, subsec. 2, authorizing a sale of a vested estate in real property jointly owned by two or more persons by order of a court of equity in an action by either of them, if the estate be in possession and the property cannot be divided without materially impairing its value, does not require the joint owners to be in actual possession, but only that the estate be a

present and not a future one. Adams v. De Dominques, 129 Ky. 599, 112 S. W. 663; Ward v. Edge, 100 Ky. 757, 39 S. W. 440, 19 Ky. Law Rep. 59. That being true, the failure to allege that the parties were in possession of the property did not render the sale invalid.

(3) Another contention is that the misjoinder of actions rendered the judgment void as to appellants. The basis of this contention is that an action to determine the ownership of land cannot be joined with an action to sell the same for a division of the proceeds, and that the correct procedure would have been to institute an action to determine the ownership of the land, and then proceed by a new suit to sell under section 490, subsec. 2, Civil Code of Practice, in the event the heirs of I. M. Webster were adjudged to be the owners. The law does not look with favor upon circumlocution, and we perceive no good reason why the court did not have jurisdiction to adjudge ownership and order a sale in the same action.

(4) The further point is made that all the necessary parties were not joined in the action. In support of this position, the argument is that the heirs of J. W. Webster and Elizabeth Webster should have been made parties, so that their rights could have been determined. As only a life estate was conveyed to J. W. Webster and Elizabeth Webster, and no title of any kind was conveyed to their heirs, it is clear that their heirs had no interest whatever in the property, and there was no necessity for making them parties.

The sale not being void, the court did not err in refusing to set aside the order of confirmation.

Judgment affirmed.