## Frazier et al. v. Hughes et al.

January 27, 1948.

M. L. Blackwell, Judge.

Pentecost & Dorsey for appellants.

N. P. Taylor and S. O. Heilbronner for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

### Statement of the Case.

Lizzie Rankin, formerly Lizzie Harvey, a colored woman, and, as indicated from her will, an illiterate one, died a resident of Henderson County, Kentucky, on April 17, 1942, survived by her husband, George Rankin, who died in 1945. She left a holographic will written on tablet paper with a pencil. Since there is no dispute as to the validity of the will, it will not be copied in full. It is sufficient to say that it is clearly manifest from reading the will as a whole that she intended to

and did devise her home, the property involved in this case, to the appellee, Corinne Hughes. This is indicated by the following excerpts from the will:

"so i want corene Hughes to have my home and, everything ther is in the house. Corene paid all of my bills for me as far as she were able * * * i dont want any of my relative have anything of mine Just Corene hughes to have everything."

Corinne Hughes, devisee under this will, came into possession of this will in the year 1944, and exhibited it to her attorney in the same year but made no effort to probate it until October 23, 1946, at which time it was probated in an ex-parte proceeding in the Henderson County Court.

In the meantime, on July 17, 1946, the heirs at law of Lizzie Rankin, appellants herein, filed suit in the Henderson Circuit Court alleging that she had died intestate; that they and another heir, who, with his wife, was made a defendant, were her only heirs at law; that she died possessed of a certain tract of real estate, it being the home place referred to in the will, which was described in the petition, and asking for sale of said real estate as indivisible property and that the net proceeds of said sale be divided among her heirs in the proportion each was shown entitled thereto. Corinne Hughes was made a defendant and called on to set up any claim she may have in and to said property. She was duly served with process on July 17, 1946. On September 18, 1946, she having filed no answer, it was ordered by the court that the allegations of the petition be taken as confessed as to the defendant, Corinne Hughes, and on October 4, 1946, a judgment was entered adjudging that she had no interest in the real estate described in the petition and directing the Master Commissioner to sell said real estate. Under proper orders and judgment of the court, the Master Commissioner sold the property at the Court House door in Henderson, Ky. on October 28, 1946, to one Dorsey Randolph for $1225.00 and duly reported the sale to the court.

In the meantime and at the time and place of sale, Corinne Hughes, through her attorney, appeared and announced that the property about to be offered for sale had been devised to her under the will of Lizzie

Harvey and that she was claiming to be the owner thereof. At the same time and place, the Master Commissioner read to the prospective bidders that part of the judgment of the court which adjudged that Corinne Hughes had no interest of any kind or character in and to the property, described in the petition, then being sold.

On November 8, 1946, Corinne Hughes filed exceptions to Commissioner's report of sale on the ground that prior to said sale and on October 23, 1946, the will of Lizzie Harvey had been probated by which she devised the property, sold by the Commissioner, to this exceptor. She asked that said sale be not confirmed and that said sale be set aside. On February 18, 1947, the exceptions filed by Corinne Hughes were overruled and the Commissioner was directed to prepare a deed to the purchaser. She excepted to this ruling and prayed and was granted an appeal to the Court of Appeals, which appeal was never perfected. The purchaser, Dorsey Randolph, also filed exceptions to the report of sale on the ground that he could not get a good title to the property because of the claims of Corinne Hughes but these exceptions apparently were never passed on by the court. On May 23, 1947, which was in the next term of the Henderson Circuit Court, on motion of Corinne Hughes, the court set aside the order of February 18, 1947, overruling her exceptions to the Commissioner's report of sale and by this order sustained said exceptions and cancelled and quashed the deed which the court had directed the Commissioner to execute to the purchaser. To this order plaintiffs objected and excepted and prayed an appeal to the Court of Appeals. It is from that order that this appeal is prosecuted.

### The Law of the Case.

Reversal of the order of May 23, 1947, sustaining exceptions to Commissioner's report of sale is asked by appellant on four grounds: (1) The order of the court of February 18, 1947, overruling Corinne Hughes' exceptions to the report of sale and directing the Commissioner to execute a deed to the purchaser, was a final order and the court was without power to set aside that order after the term was ended. Therefore, the court was without jurisdiction to enter the order of

424

May 23 setting aside the order of February 18; (2) Appellee, Corinne Hughes, was bound by the judgment of October 4, 1946, adjudging that she had no interest in this property because of her failure to answer when made a defendant and served with process; (3) Appellee, Corinne Hughes, is estopped from claiming title to the real property in question because she failed to assert her rights when she might have done so; (4) The will of Lizzie Harvey does not sufficiently describe or identify the property and there is no proof that Lizzie Harvey and Lizzie Rankin are one and the same person.

Since the case must be reversed on ground number one, it will be unnecessary for us to consider the other grounds relied on for reversal.

In support of the first contention, appellants cite the case of Noell v. Webster, 260 Ky. 823, 86 S. W. 2d 1013, 1014, in which this court said:

"An order confirming a judicial sale is final, Lowther v. Moss, 239 Ky. 290, 39 S. W. 2d 501, and cannot be set aside after the term at which it was entered except in the manner and upon the grounds set forth in section 518, Civil Code of Practice. Williamson v. American Reserve Bond Co.'s Receiver, 140 Ky. 215, 130 S. W. 1072, unless the judgment is void. Spencer v. Parsons, 89 Ky. 577, 13 S. W. 72, 11 Ky. Law Rep. 769, 25 Am. St. Rep. 555; Jenkins v. Crofton's Adm'r, 9 S. W. 406, 10 Ky. Law Rep. 456."

Appellants also cited the case of Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S. W. 29, in which it was held (quoting from the syllabus):

"Where purchaser buys at valid judicial sale, court, having confirmed sale, is without jurisdiction to vacate or modify it at a subsequent term, as purchaser is required to take notice of proceedings as if formally served with process, relief for irregularity not discovered before confirmation being by application for new trial, under Civil Code of Practice, sec. 344, or application for vacating judgment under section 518."

In both of the above cited cases, the sale had been confirmed. In the instant case, there had been no confirmation of the sale unless the order directing the Master Commissioner to prepare a deed to the purchaser

can be so construed. The order of February 18, 1946, which is the one set aside on May 23, 1946, simply overruled exceptions of Corinne Hughes to the report of sale and directed the Commissioner to prepare a deed to the purchaser of the property. Pursuant to that order, the Commissioner did prepare and acknowledge said deed, which was examined and approved by the court and ordered certified to the proper office for record. No subsequent formal order confirming the report of sale was entered. Was the order directing the Commissioner to prepare a deed to the purchaser equivalent to and in effect an order of confirmation? This court so held in the case of Forrester v. Howard, 124 Ky. 215, 98 S. W. 984, 985, 124 Am. St. Rep. 394, in which we said:

"Although the record did not show that the report of sale made by the commissioner in 1895 was confirmed, the order of court directing that a deed be made was, in effect, a confirmation of the sale, and the order confirming the sale and directing that a deed be made was a final and appealable order, and the only way that appellees could vacate or modify that order was in the manner pointed out in the Code, by appealing to this court, or having it vacated for some of the causes specified in section 518 of the Civil Code of Practice. Having failed to resort to either of these methods, their motion made in 1905 was entirely unavailing. The lower court had completely lost control of the case, and could not, by any order made in 1905, disturb a judgment or final order entered in 1895. For the same reason, the order of the lower court sustaining the exceptions to the report of sale made in 1895 was a nullity."

The Forrester case, supra, has never been overruled and it has been generally accepted practice in most of the circuit courts in this state that an order directing the Commissioner to execute a deed to the purchaser is in effect and equivalent to an order of confirmation. Confirmation of a judicial sale is merely the formal expression of judicial sanction or approval of it by the court and this may be accomplished by an order of the court directing the Commissioner to execute a deed to the purchaser and approving the deed so executed. We again reaffirm that position.

426

We think the order of February 18 was, in effect, an order of confirmation, that it was a final order and that the court was without authority to set it aside in the manner in which it did set it aside by the order of May 23 entered at a subsequent term.

As was said by this court in the case of First State Bank, Pineville, v. Asher, 273 Ky. 574, 117 S. W. 2d 581, 583:

"The power of the court to modify, set aside, or vacate its judgment at the term at which same was entered is inherent, broad, and comprehensive, and not dependent upon statutes regulating new trials. (Citing case.) But after the adjournment of the term in which the judgment is rendered the court is without jurisdiction or power to set it aside, except in a way and manner provided by the Civil Code of Practice, sec. 518."

For the reasons herein indicated, the judgment of the lower court is reversed; all other questions reserved.

Judgment reversed.