## CORNETT v. COMBS et al.

Court of Appeals of Kentucky.

Feb. 19, 1954.

———◆———

C. W. Napier, C. W. Napier, Jr., Napier & Napier, Hazard, for appellant.

E. C. Wooton and D. G. Boleyn, Hazard, for appellees.

STEWART, Justice.

This action involves the question of ownership of a one-fourth interest in a certain 40-acre tract of land lying in Perry County. The entire tract in question was conveyed to Whitt Cornett and his sister, Mary C. Combs, share and share alike, in 1912. During the same year Whitt Cornett conveyed one-half of his interest in the land to French Combs, the husband of his sister, Mary C. Combs, which gave Mary C. Combs and her husband, French Combs, a three-fourths interest in the property and left title to a one-fourth interest therein in Whitt Cornett.

In 1915 Whitt Cornett and his then wife, Eliza Jane Cornett, appellant now, executed a mortgage to one Talton Combs on Whitt Cornett's above-mentioned one-fourth interest, to secure a note of $80. This indebtedness not having been paid at its maturity, Talton Combs filed a foreclosure suit in the Perry Circuit Court in 1915 to enforce collection of his debt by a sale of the mortgaged land. In 1916 he obtained judgment against Whitt Cornett and his wife, Eliza Jane Cornett, and the master commissioner was directed to sell the property foreclosed

on to satisfy his judgment debt. Pursuant to this judgment, the sale was had and Talton Combs became the purchaser of the property. The master commissioner reported his actions to the court on August 21, 1916, and the report of sale was ordered to lie over for exceptions. No exceptions were ever filed thereto. Thereafter, on January 8, 1917, the report of sale was confirmed and the master commissioner was directed to execute to Talton Combs a deed to the property. An order of the court shows that the master commissioner presented signed and acknowledged in open court his commissioner's deed to the purchaser, Talton Combs, that the deed was examined and approved by the judge of the court, that it was certified to the Perry County court clerk's office for record, and that the case was then ordered striken from the docket.

It appears Talton Combs failed to place the deed of record, it became lost or misplaced and it has never been located. It is undisputed that Talton Combs immediately took over the property after the sale and continued in the possession of it, farming it, cutting timber from it, and generally exercising dominion over it until the date of his death in 1947.

In 1946, some twenty-seven years after the suit of Talton Combs against Whitt and Eliza Jane Cornett had been brought to a conclusion and striken from the docket, an order was entered on the 20th day of the November Term of the Perry Circuit Court directing the master commissioner to execute and deliver a commissioner's deed to the same one-fourth interest of land to appellant, Eliza Jane Cornett. The order recited that "defendant" in the action just mentioned had filed a motion for such an order, although this same defendant, namely, Whitt Cornett, was no longer alive at the time. Moreover, this record does not disclose any motion on which the order is based. Nor was the foreclosure proceeding referred to. The deed was not actually executed until May 17, 1949, two years after the death of Talton Combs. At that time it was presented in open court, examined,

approved and so endorsed by the then judge of the Perry Circuit Court.

Appellant's claim of title to the property in litigation is based upon the purported order last mentioned, whereas appellees, the heirs of Talton Combs, rely upon the judgment and the proceeding thereunder in the foreclosure suit as the foundation for their ownership of the land. Under the recited facts, the Chancellor adjudged title in the land to be in the heirs of Talton Combs. This appeal is from the judgment.

■ The records of the Perry Circuit Court establish beyond any doubt that the lower court had jurisdiction of the subject matter and of the parties here and that all necessary steps were taken in the foreclosure suit to divest the title of Whitt and Eliza Jane Cornett in and to the property in dispute and to transfer their interest therein to Talton Combs. The following rule is applicable to the facts of this case: "A court, having obtained jurisdiction, retains it until the final disposition of the cause; but after final judgment or decree has been rendered and the parties dismissed, in general, the jurisdiction of the court is exhausted, and it cannot take any further proceedings in the case, at least where the judgment term has ended, except with respect to the entry of the judgment or decree, or, in a proper case, its enforcement, correction, or vacation." See 21 C.J.S., Courts, Sec. 94, pp. 147 and 148.

The order confirming the judicial sale was a final one and it cannot be set aside after the term at which it was entered except in the manner and upon the grounds set forth in Section 518 of the Civil Code of Practice (now CR 60.02), unless the judgment was void. Noell v. Webster, 260 Ky. 823, 86 S.W.2d 1013. By this order title to the property in dispute had long since vested in Talton Combs. There is not even a hint or a suggestion in the record that the judgment in controversy was void; in fact, the order completely ignored the judgment. And, as is apparent from the record, no effort was made to proceed in conformity with the Code section just mentioned. It follows that the attempt upon the part of

the Perry Circuit Court to order a commissioner's deed to this property to be executed and delivered to appellant some twenty-seven years after the foreclosure proceeding amounts to a nullity and the purported deed that was executed and delivered to appellant was void ab initio.

Finally, appellant sought to prove that Whitt Cornett had agreed to purchase the property at the foreclosure sale in 1917 and to hold it for the benefit of Talton Combs and appellant. The Chancellor determined that no constructive trust existed. The evidence is sufficient to support his conclusion and for this reason we are of the opinion his decision on this issue should not be disturbed.

Wherefore, the judgment is affirmed.