Ralph ANDREW, Appellant,

v.

W. S. BRIM et al., Appellees.

Court of Appeals of Kentucky.

Nov. 5, 1954.

Harlan Heilman, Carrollton, for appellant.

James F. Thomas, New Castle, J. S. Shaver, Bedford, Charles I. Dawson, Rucker Todd, Louisville, for appellees.

MILLIKEN, Judge.

This is an independent action under Section 518, Civil Code of Practice, in which the appellant, plaintiff below, seeks to set aside an order confirming the sale of his real estate and to obtain an injunction forbidding the purchasers at the sale from interfering with his use and occupancy of the property. The appellant had taken exceptions to the order confirming the sale, which were overruled, and from a judgment in that same court refusing him the relief prayed in his independent action, he now appeals.

The sale of the property was sought by creditors of the appellant. There were two pieces of real estate involved: a piece of improved city real estate estimated to be worth between $7,500 and $8,500, and a farm valued at $4,500. At the sale by the master commissioner, the appellant, as owner of the property and highest bidder, bid $5,000 for the city property and $3,500 for the farm. He told the master commissioner that he would go get his bondsman, naming him, and return shortly. While he was gone, the master commissioner discovered that there was a mortgage against the real estate of the proposed bondsman, and, consequently, decided that he would not accept him as bondsman. Before the appellant returned the master commissioner again asked for bids on appellant's property, and at this second sale the city real estate was sold to the appellee Black for $2,750 and the farm to appellee Reed for $2,500. Mr. Black had bid $4,900 on the city property at the first sale, and thus within an hour later bought the property for $2,150 less. Appellant maintains that he could have supplied security other than the rejected bondsman for the deferred payments had he had the opportunity to do so. His motion to set aside the second sale was opposed by the appellee Black, and the chancellor decided to uphold the master commissioner and not set aside the order of confirmation.

In the present action, under Section 518, Civil Code of Practice, the appellant charges that the second sale was invalid

because the master commissioner had no legal right to again sell the property without an order of court; that the appraisers at the sale were not sworn beforehand in compliance with the statute, KRS 426.520, never visited the property, made no genuine effort to evaluate it, and that one of the appraisers was not a householder and hence not qualified to act as an appraiser; and that he had been gravely misled by the conduct of the master commissioner.

Ordinarily, it is a policy of law to uphold judicial sales, particularly where only debtors and creditors are affected. This independent action presents the new evidence concerning irregularity in the appraisal, a fact which was not discovered until after a hearing on the exceptions. Furthermore, it more fully sets out how effectively appellant had been misled into believing that the second sale of the property would be set aside. In view of the disparity in the amount brought at the second sale and the overriding irregularity of the whole proceeding, we conclude that the appellant justifiably invoked the remedy allowed by Section 518, Civil Code of Practice, as affording the only effective means of presenting his contentions, especially after the term of court at which the challenged sale was made. Bowles' Guardian v. Johnson, 218 Ky. 221, 291 S.W. 29; Maynard v. Maynard, 292 Ky. 638, 167 S.W.2d 853; Hunter v. Hunt, 296 Ky. 769, 178 S.W.2d 609; Frazier v. Hughes, 306 Ky. 421, 208 S.W.2d 311.

When we consider that the second sale was made while the appellant had gone for his bondsman with the consent of the master commissioner and after a large part of the crowd had dwindled away, and for a price considerably less than the property had brought at the first sale within the hour, we cannot avoid concluding that the appellant has been deprived of his property unfairly. We gather from the record that all of the appellees except Mr. Black favor a resale of the property, and that clearly no one will be hurt by a resale except Mr. Black who obtained

a valuable piece of property for an inadequate consideration. Foor v. Mechanics' Bank & Trust Co., 144 Ky. 682, 139 S.W. 840.

The judgment is reversed and the cause remanded for further appropriate proceedings, including: (1) a setting aside of the invalid sale; (2) revesting title to the property in Mr. Andrews; and (3) for whatever proceedings may prove appropriate for the protection of the interests of the intervening creditors in the event the appellant cannot settle their claims against him.