MARY WHILEY, ET AL. *v.* JOSEPH MYERS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—759.]

**Dismissing Cause for Want of Prosecution.**

> Where laches is attributable to a plaintiff whose cause has been pending, his cause may be dismissed for want of prosecution or without prejudice. The practice of filing away civil causes and redocketing upon motion at a later date is not authorized by our code.

APPEAL FROM ROWAN CIRCUIT COURT.

April 15, 1886.

OPINION BY JUDGE PRYOR:

The condition of this record renders it difficult to settle any of the questions raised by the pleadings or the evidence; in fact, what evidence was heard does not appear, and on the motion to redocket the case facts may have been developed that justified the court in refusing to sustain the motion. The practice in regard to filing away civil cases, although indulged in frequently, is not authorized by the provisions of the code. If for any reason the parties fail to prosecute their action, or refuse to prosecute it, the court, if the

laches is attributable to the plaintiff, should dismiss the action for want of prosecution or dismiss it without prejudice. A filing away of the action under the former practice embraced the right of the plaintiff to redocket the case on notice and motion to that effect, and was never considered a final disposition of the matters involved. Upon a proper presentation of appellants' right to do so, we see no reason why the motion should not be entertained; and the refusal heretofore to redocket the case is not a bar to a subsequent proceeding of the same character. Entertaining this view of the question the appeal is dismissed without prejudice.

*Hargis & Eastin, W. H. Cord, for appellants.*

*R. Gudgell & Son, for appellees.*