CASE 67—PETITION ORDINARY—JUNE 9.

# Schweitzer v. Irwin's Executrix.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. FINAL ORDER—APPEALS—PRACTICE.—An order of a trial court granting a new trial is not a final order from which an appeal may be prosecuted to the court of appeals.

THOMAS H. HINES FOR APPELLANT.

1. Where a surety holds himself out as principal otherwise than by signing the note without designating whether he is principal or surety, he is estopped to show that he was surety as much as if he had been designated principal in the body of the note. Picot v. Siguago, 22 Mo., 587; McMillan v. Park, 64 Mo., 286.

GEORGE DONIPHAN FOR APPELLEE.

1. An obligor in a note can show that he was only a surety so as to be protected in his rights as surety, without alleging or proving the *scienter* on the part of the obligee. Lewis v. Harpin, 5 B. M., 646; Emmons v. Overton, 18 B. M., 647; Chapeze v. Young, 87 Ky., 476; First National Bank v. Gaines, 87 Ky., 598.

2. An agent has no power of substitution or delegation; and conceding that Bradford was Irwin's agent in negotiating the loan he had no power to delegate any authority to Bertram as such.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant Joseph Schweitzer instituted this action in the Bracken Circuit Court against George L. Bradford and Elizabeth N. Irwin, executrix of W. J. Irwin to recover judgment on a note for $422, dated 9th day of August, 1883, executed to him by George L. Bradford and W. J. Irwin, credited by $100 March 11, 1890. No defense was interposed by Bradford, but the executrix of W. J. Irwin pleaded that

(26)

W. J. Irwin was only security of Bradford, and also pleaded and relied on the statute of limitation for a defense. The reply traverses the allegations of the answer.

A jury trial resulted in a verdict for plaintiff for the amount of the debt claimed, to-wit, $422 with interest, less a credit of $100 paid March 11, 1890.. The appellee moved the court to render judgment in her favor notwithstanding the verdict, which motion was sustained by the court, and judgment rendered accordingly, which judgment, however, was afterwards set aside and judgment rendered in favor of appellant in accordance with the verdict of the jury. Afterwards appellee moved the court to set aside the verdict and judgment.

1st. Because same was not sustained by sufficient evidence.

. 2d. Because the verdict and judgment in accordance therewith is contrary to law. Said motion was sustained by the court and a new trial awarded the appellee, and from that judgment this appeal is prosecuted.

The contention of appellee is that it is positively shown by the proof that Irwin was only the surety of Bradford, and did not represent himself as principal on the note. The contention of appellant is that Irwin held himself out to him as principal, and that having signed the note without designating himself as surety he could not now be heard to reply upon the plea of suretyship and thus avoid payment of the note.

It will be seen that this is an appeal taken from a judgment of the court awarding appellee a new trial, which is not a final order within the meaning of the Code of Practice.

Trimble, &c. v. Shawhan, &c.

It therefore follows that no appeal from that judgment can be entertained by this court until after the final judgment as to the rights of the parties.    This being true the questions argued by counsel are not before us for decision.

For the reasons indicated this appeal is dismissed without prejudice to the cause of action, and the cause remanded for proceedings as provided by law.