## Commonwealth v. Schmidtt.

(Decided June 10, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Taxation—Proceeding to Assess Omitted Property.—Where defendant had not been served with process in an action by a revenue agent in the Jefferson County Court to collect taxes on omitted property and, after July 1st, 1912, more than two terms of the court passed without the plaintiff asking for alias process or taking any progressive step in the case, the court properly dismissed the action for lack of diligence in its prosecution, where the revenue agent failed to show that the defendant was a non-resident or that he absented himself from home, or tried in any way to avoid service of summons or obstruct the litigation.

A. SCOTT BULLITT and MATT J. HOLT for appellant.

W. L. DOOLAN for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is an appeal by a revenue agent from the judgment of the circuit court dismissing without prejudice a suit instituted on behalf of the Commonwealth to collect certain taxes which it was alleged the appellee owed on omitted property. The ruling of the circuit court was based on the Act of 1912, authorizing a dismissal where the revenue agent has failed to take any progressive steps within the period specified in the act. Appellant, in contending that the dismissal was erroneous, insists that the case does not come within the terms of the act referred to. This act is now Section 4260, Subsections 5 and 6, Kentucky Statutes, 1915.

The statement of the revenue agent setting up the omitted property was filed and summons issued on November 16th, 1911. It was placed in the hands of the sheriff and returned: "Within named not found." The return is not dated. On October 17th, 1912, alias summons was issued and executed December 4th, 1912. On January 6th, 1913, motion was made in the county court to dismiss the action for lack of prosecution. This motion was sustained on January 16th, 1913. The revenue agent promptly took an appeal to the circuit court, and there, on March 13th, 1913, the judgment of the county court was affirmed, and it is from that judgment that the revenue agent appeals to this court.

The act referred to (Sub-section 5), makes it the
duty of the court to dismiss any such action, if pending
July 1st, 1912, when it appears from the records of the
court that for not less than one year prior thereto no
steps have been taken for the prosecution of the suit
other than docketing, remanding, or passing the case
from time to time. Sub-section 6 provides that such
actions shall be dismissed if pending in a court having
terms when no such progressive steps have been taken
for a period of two terms, or if in a court of continuous
session for a period of ninety juridical days.

The suit does not fall within the provisions of Sub-
section 5, because it was filed within a year preceding
July 1st, 1912. If it was properly dismissed, the
grounds for that ruling must be found in Sub-section
6. Assuming that the return of the sheriff was made
within the statutory return period, then the next step
shown in the case is the issual of the alias summons on
October 17th. The county court is a court having terms
(Section 1058 Kentucky Statutes), that is, there is "a
regular term of the county court held by the county
judge in each county once every month." It, therefore,
appears that no progressive step was taken in the case
after July 1st, 1912, for a period of more than two
terms of the county court. It does not follow, because
summons had not been served, that the action was not
commenced or was not "pending" on July 1st, 1912.
This action was commenced November 16th, 1911, when
the statement was filed in the office of the clerk and
the summons was issued thereon. Section 39, Civil
Code).

The action coming within the letter of the provis-
ions of the statute for dismissal, it would seem that the
rulings of the county and circuit courts were proper,
unless the claim of the Commonwealth is saved by the
proviso of the sections. Each contains the following:

"Provided, however, that if it shall be made to ap-
pear to the judge that such delay is at the instance of
or caused by the defendant * * * then the time
shall be computed only from the time when the defend-
ant ceased to obstruct the litigation."

As stated in the case of Commonwealth v. Ewald
Iron Works, 153 Ky., 128, the purpose of this section
was to make revenue agents diligent in the prosecution
of cases. If his diligence has not been such as these
sections require, then it is the duty of the court to dis-

miss. Although the officer's return on the first summons is undated, the law will presume that he returned it on the first day of the next (December) term after it was issued. Section 44, Civil Code.

No reason is shown why the plaintiff failed to cause an alias summons to issue between the December term, 1911, and the October term, 1912. It is not contended that the defendant was a non-resident or that he absented himself from home, or tried in any way to avoid service of the summons.

The burden is upon the plaintiff to show that the delay in prosecuting the action "is at the instance of or caused by the defendant," and having failed to show that the defendant was in any wise responsible or chargeable with the delay, it follows that it must be attributed to want of diligence on the part of plaintiff.

For these reasons, the action was dismissed by the lower court, and the judgment is, therefore, affirmed.