# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SPRING TERM, 1918.

### Schwartz, Admr. v. Chesapeake & Ohio Railway Company, et al.

(Decided June 7, 1918.)

### Appeal from Campbell Circuit Court.

Dismissal and Non-Suit—Filing Away of Case—Want of Prosecution.—Under a rule of court adopted pursuant to section 980 of the Kentucky Statutes, authorizing the court to file away a case which had remained on the rule docket for one year without any step having been taken to indicate an intention to prosecute the action, it was error for the circuit court to dismiss the action for want of prosecution.

HUBBARD SCHWARTZ for appellant.

GALVIN & GALVIN and WM. A. BURKAMP for appellees Chesapeake & Ohio Railway Co., J. T. Miller and J. A. Hollingsworth.

L. J. CRAWFORD for the appellees Winston & Co.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On December 26, 1910, Enakey Angeloff Draschoff, a native of Bulgaria, while in the employ of Winston & Co., railroad constructors, of Richmond, Va., was struck and killed by a train of the Chesapeake & Ohio Railway Company, in Campbell county. In the following April the plaintiff, as administrator of Draschoff's estate, instituted this action against the railway company, its engineer and train conductor, and Winston & Co., to recover damages for the death of Draschoff.

Vol. 181—1.

The railway company filed its petition for a removal of the case into the federal court for the eastern district of Kentucky, and pending action by that court no step was taken by the plaintiff.

On October 20th, 1911, the federal court remanded the case to the state court, and on November 4th of that year the railway company filed its answer. This answer was not verified, and upon motion of the plaintiff the railway company was ordered to verify it. This order, however, was never complied with.

Some difficulty was had in getting service of process upon Winston & Co. The first summons issued again~' that company was served April 24th, 1911, upon A. H. Calligan, its alleged superintendent, but the return on this summons was quashed on December 11th, 1911. Nothing further was done until July 26th, 1913, when the plaintiff filed an amended petition upon which a summons was issued to Clark county. This summons was never returned; and, in the following April an *alias* summons was issued to Clark county, and service had. Winston & Company's motion to quash the return upon this summons was held under submission for more than six months, and then was overruled.

After filing their demurrer and entering certain practice motions, all of which were overruled, Winston & Co. finally answered on March 4th, 1916. By that time Bulgaria was involved in the European war and the witnesses to the killing of Draschoff, being principally natives of Bulgaria, had returned to that country for military service.

On June 16th, 1917, upon the motion of Myers & Howard, their names were stricken from the record as attorneys for the plaintiff; and, immediately thereafter Winston & Co. moved the court to dismiss the case for want of prosecution. A week later the defendant railway company, although it was yet in default for failure to verify its answer, joined in the motion to dismiss the case for want of prosecution. On the same day the plaintiff filed his affidavit, showing that the motion to dismiss had been made within one minute after the motion to strike the names of plaintiff's attorneys from the record had been sustained and while plaintiff was without counsel or opportunity to procure counsel. Notwithstanding the fact that no counter affidavit was filed, the court sus-

tained the motion and dismissed the action for want of prosecution. The plaintiff appeals.

Appellees seek to sustain the ruling of the circuit court under rule 20 of the Campbell circuit court, adopted pursuant to section 980 of the Kentucky Statutes, reading as follows:

"When an action has remained on the rule docket without any step indicating an intention to prosecute it being taken for one year, it will be filed away and not re-docketed without good cause and notice to the parties interested. The clerk will furnish the court a list of such cases in January of each year."

It is true no step looking toward a prosecution of the case had been taken between March 4th, 1916, when Winston & Co. filed their answer, and June 16th, 1917—a little more than fifteen months.

Without, however, passing upon the validity of a rule which authorizes the filing away of civil cases, but looking at this rule for the purpose of determining whether the ruling of the circuit court was justified under its terms, if enforceable, it will be observed that the rule invoked does not sustain the contention of the appellees, since it merely authorizes the filing away of a case for want of prosecution—not a dismissal of it.

Moreover, the rule impliedly provides that after a case has been filed away it may be re-docketed for cause shown and upon notice to the parties interested. But, as above indicated, the action was in this case dismissed absolutely, and if the order of dismissal stands, the plaintiff's case is ended.

In our opinion the circuit court erred in dismissing the action. If a plaintiff will not prosecute his action, the defendant can prosecute it by setting it upon the trial docket and having it disposed of in the ordinary way. When a case is thus set upon the trial docket the opposing party knows in advance that he will be expected to be ready to try his case, or to suffer the consequences of his failure to prepare. But we know of no authority authorizing the trial court to dismiss an action for want of prosecution without putting it upon the trial docket.

Commonwealth v. Schmidt, 165 Ky. 351, relied upon by appellees, was a proceeding by a revenue agent to collect taxes on omitted property, under the act of 1912, which specifically authorized a dismissal of cases of that

character, where the revenue agent failed to take any progressive steps within the period specified in the act. But that statute has no application in ordinary cases, and is not controlling here.

What was said in Whailey v. Myers, 7th Ky. L. R. 758, 13 Ky. Op. 1063, as to the court's right to dismiss an act for want of prosecution or dismiss it without prejudice, clearly was *obiter*, since there the case had been filed away with leave to reinstate, and the appeal was from an order of the court refusing to re-docket it. The question of the trial court's right to dismiss for want of prosecution was not before the court.

Judgment reversed and action remanded with instructions to the circuit court to set aside the order of dismissal.