## Rosen, etc. v. Galizio.

(Decided May 23, 1919.)

Motion for Appeal from Campbell Circuit Court.

1. Pleading—Tender of Answer—Discretion.—Counsel from a conversation with his client understood that a case had been settled and for this reason ceased to follow the case and a default judgment was entered. When the error was discovered a duly verified answer was tendered setting up a defense, the tender having been made before a trial on the default judgment, it was an abuse

of discretion on the part of the trial court to refuse to allow the answer to be filed.

2.   Pleading—Tender of Answer.—A litigant should be accorded every opportunity of presenting his defense, and where through misunderstanding a default judgment is entered, upon proper diligence being shown, and upon tender of a verified answer, the court should have permitted the answer to be filed.

WILLIAM F. CLARK and FRANK SPITZLBERGER for appellant.

OSCAR FOSTER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Sustaining motion for appeal and reversing judgment.

We will designate the parties to this appeal as they appear in the court below, appellant being the defendant.

In this petition, filed March 28, 1918, plaintiff alleged he was the owner of a certain automobile valued at $250.00, and which was detained by the defendant, and he asked judgment for the possession of the automobile, or its value and $200.00 damages.

Both summons and order of delivery were duly served upon defendant.

On April 20 a motion was made by plaintiff to take the petition for confessed; a week later this motion was sustained.

May 11 a motion by defendant to set aside the order sustaining the above motion and for leave to plead was overruled; May 16 defendant moved the court to reconsider its ruling on this motion, and this having been overruled a trial was had and a verdict rendered in plaintiff's favor in the sum of $250.00

Motion and grounds for new trial having been filed and overruled defendant has made a motion for an appeal. Abuse of discretion on the part of the lower court in refusing to set aside the judgment is the chief ground upon which a reversal is sought.

When defendant on May 16, renewed his motion, he filed in support thereof his own affidavit and that of Frank Spitzlberger, an attorney, from which affidavits it appears that defendant employed said attorney some time in March to represent him in this action. At this time the defendant was the defendant in another suit in which, however, he did not employ the said Spitzlberger.

Defendant met his attorney some time during the month of April and said to him: "I settled that case, Frank," by which he meant to say he had settled the case in which the' said attorney had not been employed, but said Spitzlberger misunderstood him, and thinking he referred to the case in which he had been employed he paid no further attention to it until he discovered a default judgment had been entered. With the motion appellant tendered an answer duly verified, in which he set up a defense to the action. Both the affidavits and answer were tendered before trial. We think under the facts stated the court should have permitted the answer to be filed.

In Clifferd v. Gruelle, 17 Rep. 842, a reversal was ordered in a case where an attorney had been employed to make defense to a suit and the attorney on examining the docket failed to find any suit against his client, as it was docketed under a different name, there being several parties to the suit, hence he overlooked the matter and judgment was entered by default.

In Dixon v. Lyne, etc., 10 Rep. 769, it was held that the lower court did not abuse its discretion in setting aside a judgment as to one of the defendants because of a misunderstanding between said defendant's husband and an attorney, the husband being under the impression he had employed the attorney to represent his wife, but the attorney did not understand that he was to make a separate defense for her.

Columbia Fin. & Trust Co. v. Bates, 24 Rep. 2412, involves a similar question. Here the appellant had intended bidding on property to be sold at a judicial sale, but having received an impression from its counsel that the sale would be postponed it was not represented at the sale. The property sold at an inadequate price and the court held, under the circumstances, it was the duty of the chancellor to order a resale.

Where a defense is not interposed and a judgment is consequently suffered through a genuine misunderstanding between the party and his counsel the judgment may be set aside. 23 Cyc. 942. See also Bovey-Shute Lumber Co. v. Lakefield, 28 N. D. 113, 147 N. W. 720; Panesi v. Boswell, etc., 12 Heiskell (Tenn.) 323.

It is manifest from the facts stated in the affidavits that there was such a misunderstanding between defendant and his attorney as prevented defendant from making his defense to the action, and as soon as he discovered

the mistake he promptly took steps to set aside the default judgment, tendering with his affidavits an answer, this before the trial, and the refusal to set aside the judgment and permit the answer to be filed was such an abuse of discretion on the part of the lower court as entitled defendant to a new trial. Civil Code, sec. 340.

Courts are created for the purpose of administering right and justice, and through a misunderstanding and under facts such as are shown by this record, a judgment having been entered affecting materially his substantial rights, a litigant can hardly be said to have had his day in court. He should be accorded the opportunity of presenting his defense.

Wherefore the motion for an appeal is sustained and the judgment reversed with directions to permit the answer to be filed and for further proceedings consistent with this opinion.