# Clements v. Kell et al.

(Decided June 2, 1931.)

BEVERLY B. WADDILL and C. J. WADDILL for appellant.

GORDON, GORDON & MOORE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

Appellees instituted this action in the Hopkins circuit court against appellant, and in their petition alleged, in substance, that several years prior to March 17, 1930, they were associated with appellant as partners in a wholesale mercantile business; that on the date mentioned the partnership was dissolved by notice of withdrawal given by W. C. Kell and by consent of all the partners; that Kell contributed to the capital of the firm $20,000 and the other two partners contributed thereto the sum of $5,000 each; that the interest of the individual members was, by agreement, in proportion to their respective contributions to the capital; that, upon dissolution of the partnership, the parties caused the books to be audited by a firm of regular accountants who made a written report of the affairs of the partnership which was delivered to, and examined by, all the partners, and confirmed as a true and correct audit and settlement of all rights and interests of the respective parties for all purposes; that the audit showed a shortage of cash owing by appellant to the firm of $18,944.17; that, as against said shortage, appellant was entitled to a credit or offset of his one-sixth interest in the assets of the firm; that the assets of the firm, including the shortage, amounted to $35,310.69, and the one-sixth owed appellant therein amounted to $5,885.12, leaving a balance of $13,159.05 due from appellant to the firm; that appellee Steppe had sold all his interest in the partnership business to appellee Kell, and that the former was suing for the use and

benefit of the latter, and had no other interest in the subject-matter of the action; that appellee Kell, by consent of appellant, had undertaken to wind up the affairs of the partnership, taking control of its assets, and personally had assumed liquidation of all claims against the firm; that he paid, and is ready to pay, and is paying, for all such claims from the assets of the partnership and from his own funds; that he has expressly waived any rights to contribution from appellant; that appellant had promised to pay to appellees the amount of cash shortage due the firm, less a credit of his pro rata share of the assets which amount to the said sum of $13,059.05, no part of which had been paid.

The original report of the auditors' was referred to and made part of the petition, marked "Report as of March 17, 1930." This exhibit, however, was not actually filed with the petition, and does not appear in the record. This petition was filed on April 25, 1930, and the summons was served on appellant May 3, 1930.

On the 4th day of the September term of court, which was the 25th day of September, 1930, the following order was entered: "On motion of plaintiffs, the action of the clerk and the order setting this case for trial on the 18th day of the present term is now set aside." Following that order is a default judgment against appellant.

On the 15th day of the same term of court, which was the 8th day of October, 1930, appellant filed a verified motion to set aside the default judgment entered on the 4th day of the term, and tendered and offered to file a demurrer and an answer and counterclaim. The verified motion to set aside the default judgment makes it appear, in substance, that the exhibit referred to in the petition as "Report as of March 17, 1930," was not filed with the petition; that, since the filing of the petition, there had been continuous effort on the part of the parties to reach an amicable adjustment of the matters in controversy, and frequent meetings had been held for that purpose; that appellees held out to appellant and induced him to believe that it would not be necessary for him to employ counsel or to make defense until final termination of efforts to adjust the differences; that about ten days prior to the beginning of the September term the clerk docketed the case and set it for trial on the 18th day of the term; that on Saturday preceding the term W. C. Kell indicated a willingness to accept $8,-

000 in settlement of his claim, but appellant was not willing to pay that amount, and the matter was left open for further conferences. While awaiting such further conferences, he learned to his surprise that a judgment had been entered; that, after the clerk docketed the cause for the 18th day of the term, appellant believed he could at any time before that day employ counsel and make answer; that he had a defense to the suit, but could not properly plead until the exhibit referred to in the petition was filed.

The answer and counterclaim is a traverse of the allegations of the petition, and affirmatively alleges that the affairs of the partnership have never been settled and should be settled in equity, and that the cause should be referred to the commissioner of the court in order that there might be a fair and full settlement.

To resist appellant's motion to set aside the default judgment, appellee Kell offered to file his own affidavit and that of his father-in-law, C. H. Ellison. Kell's affidavit denied a continuous effort to reach an adjustment between the parties, but admitted that there was a conference on Saturday preceding the term of court. He denied that he stated he was willing to accept $8,000 in full settlement, but stated that he was asked by George Clement, a brother of appellant, if he would accept $4,000. He replied that it was not half enough, and the matter would be tried in court, whereupon Harrison Clement, another brother of appellant, stated that the case would not come up at this term, and might never come up, and that he would spend twice the amount to keep from paying Kell a nickel. He ended with the statement: "That is final, crack your whip." Mr. Ellison testified that he heard the conversation between Harrison Clement and Mr. Kell.

Much of the briefs of attorneys for the respective parties is devoted to an able and exhaustive discussion of questions pertaining to the sufficiency of the petition, but, as we have reached the conclusion that a proper determination of this appeal does not turn on the sufficiency of the petition, it will not be necessary to give attention to those questions.

This court, in numerous opinions, has held that the power to set aside judgments at the term in which they are entered is inherent in the court, and that this is a matter which addresses itself to the sound discretion of the court is recognized by counsel on both sides.

In the case of Southern Insurance Co. v. Johnson, 140 Ky. 485, 131 S. W. 270, 271, the court, referring to the power of the trial court to set aside a judgment at the term at which it was entered, said:

> "This power is not to be exercised capriciously, or granted as a favor, or withheld as a rebuke for short-coming in practice. It is exercised as a judicial discretion. It will not depend upon whether the party applying can show himself strictly entitled to the legal relief under Code provisions regulating to granting new trials on ground of casualty and misfortune. But it will depend on whether the ends of justice will be furthered, and in a measure whether the party complaining has been guilty of laches such as to close the ear of the court to his application."

In the case of Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320, 321, it is said:

> "As no other rights had arisen between the rendition of the judgments and the motions, the delay causing no apparent inconvenience or loss of rights to the plaintiff, and it being more reasonable to conclude that the laches arose from a cause other than purposeful neglect, the ends of justice will be better subserved by a trial upon the merits than to allow a party to take from the others a large sum of money, to which he is not entitled, and we therefore are of the opinion that the court should have set aside the judgments and permitted the answers to be filed."

This discretion reposed in courts is a privilege that should be exercised within the limits of right and justice and in accordance with principles that are equitable and fair as determined by the peculiar circumstances of the case. As said in Steuerle v. Duncan & Co., 221 Ky. 501, 299 S. W. 205, 206:

> "It is all-important that courts exercise their discretion liberally, to the end that justice may be done, when in so doing no injustice is done to another."

If appellees are entitled to recover, this right is not denied them by setting aside the default judgment. In this case, as in the Thompson case, supra, no other

rights had arisen between the judgment and the motion to set it aside, and it is not made to appear that appellees would lose any rights or suffer any great inconvenience by permitting appellant to make a defense, if any he has. On the other hand, if appellant has a meritorious defense, this judgment precludes him from making it. The fact that this cause was docketed for the eighteenth day of the term, and that prior to that time, without notice to appellant, a default judgment was taken, indicates that the unhappy situation in which he now finds himself is not due altogether to laches or want of due diligence on his part, and, in view of the circumstances and the authorities cited, we are inclined to the opinion that the court erred in not sustaining the motion to set aside the default judgment.

Judgment reversed, and cause remanded to the lower court for further proceedings consistent with this opinion.