## Northcutt v. Nicholson.

(Decided Oct. 21, 1932.)

642

NORTHCUTT & NORTHCUTT, STEPHENS L. BLAKELY, and FRANK J. HANLON for appellant.

ROUSE & PRICE and JOHN L. VEST for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On December 22, 1927, appellant Johnst Northcutt brought suit in the Kenton circuit court against the appellee, George Nicholson, to recover damages for the breach of a building contract. Summons was served on Nicholson on November 23, 1928. On January 14, 1929, Nicholson having failed to appear, a motion to take the petition for confessed and for a jury to assess the damages was sustained, and thereafter on evidence introduced by the plaintiff a jury, selected for that purpose, returned a verdict fixing the damages at $1,600.

Plaintiff was dissatisfied with the verdict, and filed a motion to set it aside and grant him a new trial, which was sustained. The case was again set for trial, and on May 1, 1929, the court, without the intervention of a jury, heard evidence and fixed the damages at $2,500, and judgment for that amount was entered. On May 9, 1929, Nicholson appeared, and, pursuant to notice served on plaintiff on May 4, 1929, moved the court to vacate the judgment entered on May 1, and to grant him a new trial on the grounds of accident and surprise which ordinary prudence could not have guarded against, and unavoidable casualty and misfortune preventing him from appearing and defending. In support of his motion he filed his affidavit in which he stated, in substance, that a deputy sheriff handed him a paper which he was unable to read because he did not have his eyeglasses with him. He handed the paper to one of his employees, who told him that it was a subpoena. He then placed the paper in his coat

pocket, expecting to examine it more closely later, but during the day his coat containing this and other papers was stolen. At the time the summons was delivered to him by the deputy sheriff, he and Edward Oldham were being threatened with litigation relative to other construction work that had been done by him, and a few days thereafter he was informed by Oldham that the suit had been filed and that a summons had been served on Oldham. He then informed Oldham that he also had been served with a summons, believing that the paper delivered to him by the deputy sheriff on November 23, 1928, was a summons in that case. He appeared in that case, and was unaware of the mistake until he saw an item in a newspaper on May 3, 1929, in which it was stated that a default judgment had been returned against him in the case of Northcutt v. Nicholson.

He immediately employed attorneys, and notified the plaintiff of his intention to move to set aside the judgment. When he filed his motion and affidavit, he tendered a verified answer. The court heard proof on the motion to set aside the judgment, at the conclusion of which the motion was sustained and an order was entered setting aside the judgment and granting the defendant a new trial. The defendant was required to pay the accrued costs. The plaintiff excepted and prayed an appeal, which was granted. Thereafter the answer tendered by the defendant was ordered filed, and appropriate pleadings completed the issues. The case was continued from time to time until May 4, 1931, when a trial was had, and the jury returned a verdict for the plaintiff in the sum of $750. Both parties filed motion and grounds for a new trial, which were overruled.

The plaintiff, who is the appellant here, filed a motion to substitute the $2,500 judgment for the judgment awarded on the last trial, which was overruled. The defendant abandoned his appeal and paid to the plaintiff $750, the amount of the judgment entered on May 6, 1931, under an agreement that the payment of the judgment should not prejudice the right of the plaintiff to prosecute an appeal.

On this appeal, appellant argues that the trial court erred in setting aside the second judgment, and that that judgment should be substituted for the judgment

entered on May 6, 1931. We are met at the outset by a preliminary question of practice which, if decided in appellee's favor, disposes of the case. He has filed a motion to strike from the record the bill of exceptions and bill of evidence, and this motion has been passed to the merits. The order setting aside the second judgment and granting appellee a new trial was entered on May 21, 1929. The bill of exceptions which contained the evidence introduced on the hearing of the motion to set aside the judgment was tendered and filed on June 12, 1931.

The Kenton circuit court is a court of continuous session. Section 988 of the Kentucky Statutes provides that a court having continuous session shall have control of its judgments for sixty days as circuit courts having terms have over their judgments during the term at which they are rendered. Section 1016 of the Statutes reads in part:

"Bills of exceptions must be prepared and presented to the judge within sixty days after the making of the order excepted to."

And further:

"Within sixty days after the judgment becomes final, the party excepting shall, unless further time be given him, prepare his bill of exceptions, but further time may be given to prepare a bill, but not beyond one hundred and twenty days after the judgment becomes final."

It thus appears that courts of continuous session have control over their judgments for only sixty days and that they are without jurisdiction to entertain a bill of exceptions tendered after the expiration of that time, unless within the sixty-day period further time has been given the party excepting to prepare a bill, and in no event can the time be extended beyond one hundred and twenty days after the rendition of the judgment. Bailey v. Rennert, Jr., 213 Ky. 262, 280 S. W. 1103.

It is argued by appellant that an order setting aside a judgment and granting a new trial is an interlocutory and not a final order, and therefore that the party excepting is not required to prepare and tender his bill of exceptions until after the subsequent trial

of the case. An order granting a new trial is not a final judgment in the sense that it may be appealed from at once, but it is final in the sense that the excepting party has been divested of a right which the court making the order cannot restore after the expiration of the term. The right of appeal is merely held in abeyance pending the subsequent trial and final disposition of the case. Clark v. Pullman Company, 205 Ky. 336, 265 S. W. 820; Steinke v. North Vernon Lumber Company, 190 Ky. 231, 227 S. W. 274; Perkins v. Ogilvie, 148 Ky. 309, 146 S. W. 735; Schweitzer v. Irwin's Executrix, 101 Ky. 401, 41 S. W. 265, 19 Ky. Law Rep. 624, and other cases of similar import cited by appellant, go no further than to hold that an order granting a new trial is not final in the sense that it is immediately appealable.

In Robinson v. Paxton, 210 Ky. 575, 276 S. W. 500, testimony was heard upon a jurisdictional fact, and a motion was made to strike from the record the bill of evidence consisting of the stenographers' report of the testimony heard upon that question during the trial, upon the ground that no motion for a new trial of that issue was made in the circuit court. It was correctly held that the ruling of the trial court on a jurisdictional question was one over which he had control until the final disposition of the case, and the order entered was purely an interlocutory one.

The proper practice where a new trial has been granted and an appeal has been prosecuted from a judgment entered in a subsequent trial was outlined in Dailey v. Lexington & Eastern Railway Company, 180 Ky. 668, 203 S. W. 569. It was held that a court of continuous session is without power to set aside its order granting a new trial after the expiration of sixty days from the rendition of such a judgment, and that a bill of exceptions of the proceedings upon the first trial must be prepared and tendered within sixty days after the order granting the new trial has been made. This is clearly the intention and purpose of section 1016 of the Kentucky Statutes. That practice was also approved in City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690. See, also, Royal Colleries Company v. Wells, 210 Ky. 600, 276 S. W. 515.

Being of the opinion that the bill of exceptions was not filed in time, the motion to strike it from the record must be sustained which necessitates an

affirmance of the judgment since the pleadings are sufficient. However, if the evidence heard on the motion to set aside the judgment of May 6, 1929, and to grant the defendant a new trial should be considered as properly before us, the result would not be different. The evidence discloses a plausible reason for defendant's failure to answer, and no facts were presented tending to show that he was trifling with the court. The power of a court to set aside a default judgment during term time is inherent and not dependent on Code provisions regulating the granting of a new trial where the defendant was present and presented his side of the case. A motion to set aside a default judgment is addressed to the sound discretion of the trial judge, and his judgment will not be disturbed on appeal unless it clearly appears that he has abused that discretion. Such discretion should always be exercised liberally so as to promote the ends of justice. Lantham v. Commonwealth 240 Ky. 826, 43 S. W. (2d) 44; Clements v. Kell, 239 Ky. 396, 39 S. W. (2d) 663; Lewis v. Browning, 223 Ky. 771, 4 S. W. (2d) 734; Stuerle v. T. B. Duncan & Co., 221 Ky. 501, 299 S. W. 205; Short v. Commonwealth, 221 Ky. 181, 298 S. W. 381; Stewart v. Commonwealth, 197 Ky. 501, 247 S. W. 357; Rosen v. Galizio, 184 Ky. 367, 212 S. W. 104; Thompson v. First National Bank's Receiver, 183 Ky. 69, 208 S. W. 320; Southern Insurance Company v. Johnson, 140 Ky. 485, 131 S. W. 270.

Judgment is affirmed.