### Sauerman Bros., Inc., v. Roberts, Master Commissioner, et al.

(Decided March 10, 1936.)

(As Modified on Denial of Rehearing Dec. 18, 1936.)

BRUCE & BULLITT, WILLIAM MARSHALL BULLITT, LEO T. WOLFORD and ROBERT LEE BLACKWELL for appellant.

EWING, KING & KING for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The facts occurring before the judgment from which this appeal was taken are stated in Johnson, Sheriff et al. v. Sauerman Brothers, Inc., 243 Ky. 587, 49 S. W. (2d) 331.

On the return of the case to the circuit court, our mandate was filed in open court and a motion entered by the Page Engineering Company for a judgment against Sauerman Brothers, Inc., for $19,811.76, with interest and costs, the full amount of its judgment against the Sweet Price Dredging Company.

The claim of Sauerman Brothers, Inc., to the machinery involved herein was adjudged by the circuit court superior to the Page Engineering Company's attachment lien. The master commissioner was directed to sell the machinery to satisfy the unpaid purchase price due the conditional vendor, Sauerman Brothers, Inc. He sold the machinery as directed by the judgment, when it was bid in by Sauerman Brothers, Inc., at the price of $12,000. The order of sale directed that if Sauerman Brothers, Inc., became the purchaser of it at the commissioner's sale, at a sum not in excess of its claim, including interest and costs, it need not execute a bond for the purchase price; but if the price at which it purchased same exceeded its debt, interest, and costs, it was to execute a bond in such excess amount payable to the master commissioner, bearing interest from date until paid. This judgment was reversed, with directions to the circuit court to decree that the Page Engineering Company's lien was superior to Sauerman Brothers', Inc., claim to the machinery. The motion entered on the return of the case, for a judgment for $19,811.76 in favor of the Page Engineering Company involved the liability of Sauerman Brothers, Inc., to the Page Engineering Company for the machinery sold by the master commissioner in conformity with the judgment reviewed on the first appeal.

Sauerman Brothers, Inc., on the hearing of the motion, urged that its liability because of its purchase of the machinery under the decree of the court was limited to $12,000. The judgment on the motion recites that it "insisted that the recovery" "be limited to $12,000.00." The court, on the evidence introduced in support of the motion, decreed that the Page Engineering Company "recover of said Sauerman Brothers, Inc. the sum of $12,000.00 with interest from December 2nd, 1930," and when collected, the costs be first paid and the balance paid to the Page Engineering Company. The Page Engineering Company was decreed "all costs of this action." The judgment was entered on the 12th day of May, 1933. On the 18th day of September, 1933, Sauerman Brothers, Inc., entered a written motion "to modify and extend the judgment in this proceeding to show that said plaintiff did tender and offer to return the machinery involved to the master commissioner." This motion was overruled. As it appears in the record, it is not signed by either Sauerman Brothers, Inc., or its attorneys. No evidence was offered or heard in support of it. Sauerman Brothers, Inc., have appealed from the judgment entered on the 12th day of May, 1933. It is here insisting that the rule controlling this case is: "A party who purchases property sold at a judicial sale in the enforcement of a judgment in his favor, is required, on the reversal of the judgment—not to pay in money the amount of the bid—but only (1) to restore the property, or (2) pay its actual value." In support of this insistence, it cites to us a number of sections of the Civil Code of Practice and cases construing the same.

The provisions of the Code and the construction given them in the cases cited by Sauerman Brothers, Inc., are not disputed. They are inapplicable to the issues as they are now presented by the record. The evidence introduced by the Page Engineering Company, in support of its motion, is not now in the record. In its absence, it is our duty to assume that it authorizes and fully sustains the judgment. Hardin's Committee v. Shelman, 245 Ky. 508, 53 S. W. (2d) 923. See 2 Kentucky Digest, Appeal and Error.

Aside from this view, the judgment recites that the Page Engineering Company contended for a judgment of $19,811.76 and Sauerman Brothers, Inc., "insisted

that the recovery \* \* \* be limited to $12,000.00.'' If the court erred in fixing the amount of the Page Engineering Company's recovery at $12,000, it did so on the insistence of Sauerman Brothers, Inc. If at that time it desired to exercise the right to return the machinery to the control of the court, it should have manifested to the court such desire. If, at that time, it were of the opinion that its liability to the Page Engineering Company was ''not to pay the money, the amount of its bid, but only (1) to restore the property, or (2) pay its cash value,'' it should then have presented this question to the court. For aught we know, this insistence was presented to the circuit court and the facts developed showed the machinery was of no value and not capable of being returned. If the circuit court, on the facts presented, erred in fixing the amount of its liability at $12,000, instead of permitting a return of the machinery, the recitation of the judgment shows it did so on the invitation of Sauerman Brothers, Inc. It cannot now change its position or make a new defense in this court, and complain of such invited error. Equitable Life Assur. Soc. of U. S. v. Reynolds, 259 Ky. 504, 82 S. W. (2d) 509.

The court properly overruled the motion of Sauerman Brothers, Inc., to extend and modify the judgment rendered in May. The Fulton circuit court is a court of terms. The statutory term of the court at which the judgment was rendered closed long prior to the entry of the motion in September. After its final adjournment, it was thereafter without jurisdiction to modify or extend the judgment, except on a petition filed in accordance with section 518, Civil Code of Practice. The motion, even if it were in time, was not supported by sufficient evidence. After the record was filed in this court and the appeal perfected, Sauerman Brothers, by process of subpœna duces tecum, brought up certain evidence in an effort to support their motion to modify the judgment, but that evidence related only to the value of the machinery and showed that it was worth far more than $12,000, the sum paid for it, and therefore was insufficient to sustain the burden of proof imposed on Sauerman Brothers, to establish their exceptions. Roberts v. Stacey et al., 260 Ky. 652, 86 S. W. (2d) 546; Long et al. v. Howard, 260 Ky. 323, 75 S. W. (2d) 742.

Entertaining these views, it is entirely unnecessary to give time or consideration to the sections of the Civil Code and our construction of them in the cases cited. They are in perfect harmony herewith. The recovering plaintiffs were entitled to a judgment for all of their costs against Sauerman Brothers, Inc. See section 889, Kentucky Statutes.

Wherefore, the judgment is affirmed.