## First State Bank, Pineville, v. Asher.

(Decided May 17, 1938.)

E. B. WILSON for appellant.

W. T. DAVIS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

R. W. Asher died testate while a citizen and resident of Bell county. Under his will which was duly probated he devised all his real estate to Dillon Asher and other sons, but made pecuniary bequests to chil-

dren of his daughter, Fannie Asher, which he provided should be paid out of the estate devised to his sons and to be a lien thereon.

In February, 1934, certain children of Fannie Asher, to whom pecuniary bequests had been made, instituted this equitable action against Dillon Asher and the other sons of testator asking for a judgment for the sums bequeathed to them and for the enforcement of the lien provided for in the deed to secure payment of same, and the other children of Fannie Asher later intervened asking the same relief.

Without entering into detail it is sufficient to say that the land devised to the sons had been partitioned and the tract allotted to Dillon Asher was sold by the master commissioner under a decree entered in the action pursuant to the prayer of the petition, and R. W. Asher, a son of Dillon Asher, became the purchaser for the sum of $526 for which he executed bond. Previous to the sale, the land was appraised as provided by law and the appraisers fixed its value at $800. The commissioner's report of sale was duly confirmed. After the land had been sold by the commissioner, the First State Bank of Pineville, hereinafter called the bank, filed an intervening petition setting up the judgment which had theretofore been granted it by the Bell circuit court in an ordinary action against Dillon Asher and others for the sum of $166.20 with interest from December 28, 1933, and alleged that it later caused an execution for the amount of the debt, interest, and costs to be levied upon the land of Dillon Asher which was sold by the sheriff; that at a sale made under the execution it became the purchaser of the land for the sum of $226.42, the amount of its debt, interest, and costs which was less than two-thirds of the appraised value of the land as fixed by appraisers appointed by the sheriff before making the sale; that the sheriff issued a certificate of purchase to it; that by reason of the matters set up it had a lien upon the proceeds of the sale bond taken by the commissioner inferior only to the lien of plaintiffs. It prayed that it be adjudged entitled to recover out of the proceeds of the sale bond taken by the commissioner, its debt of $226.42, with interest.

At the November, 1936, term of the court it was adjudged that the bank had a lien upon any funds derived from the sale bond second to the lien of plain-

'tiffs and that after satisfaction of plaintiffs' claim the master commissioner was directed to apply the proceeds of the sale bond to the satisfaction of the claim of the bank. Another intervener was adjudged a lien on the proceeds of the sale bond inferior to that of the bank. At the January term, 1937, Dillon Asher filed his motion to set aside the judgment entered at the November term giving the bank a lien on the proceeds of the sale bond on the ground that it was void. In this motion it was stated that the intervening petition was filed more than a year after filing of the original petition in the action and after he had been summoned in the original action; that the bank caused no summons to be issued on its intervening petition and none was issued; that he had not been served with summons on the intervening petition and had no notice of any kind of its filing and for that reason made no defense; that notwithstanding such facts the bank took judgment and was attempting to appropriate some of his money for which his homestead was sold, although it had no lien on the land or on the money.

At the same term of the court the motion to set aside and vacate the judgment was overruled and Dillon Asher saved exceptions but has prosecuted no appeal from the judgment sought to be set aside nor from the order overruling the motion. Thereafter the execution which issued upon the sale bond executed by R. W. Asher was levied upon the land purchased by him and on February 22, 1937, the land was sold under the execution after having been duly appraised as required by law for the sum of $226.42. On the date of the sale made by the sheriff, Dillon Asher appeared and made exception to the sale, his exception being set forth in writing, his first ground being that R. W. Asher had no interest in the land except that at the sale made by the commissioner he attempted to purchase the land and executed bond but had not paid the sale bond or any part thereof, but that he (Dillon Asher) had satisfied the judgment in favor of the plaintiff in the action and that the judgment in favor of another intervener had been fully paid by him; that the judgment in favor of the bank was unauthorized and void; that the sale of the land by the commissioner except for payment of the judgment in favor of plaintiffs was unauthorized and in violation of the homestead statutes of the state.

After the sheriff had made his report of sale made

under the execution, Dillon Asher filed exceptions thereto wherein he set forth at length and with particularity his right to a homestead in the land sold and the failure of the sheriff to comply with the homestead statutes in making the sale and prayed that the sale made by the sheriff under the execution and the sale made by the master commissioner be set aside and declared void. The bank interposed a demurrer to the exceptions and filed a response controverting same; and also set up the judgment rendered at the January term, 1937, and the judgment overruling Dillon Asher's motion to set same aside; and alleged that such judgment denied Dillon Asher a homestead in the land and same was in full force and effect and had never been appealed from, vacated, modified, or set aside; that by reason of the matters thus enumerated the circuit court had lost jurisdiction of the matters set up in the exceptions and Dillon Asher was and is estopped and precluded from having same again heard. It further set up matters unnecessary to enumerate.

After hearing evidence on the exceptions they were sustained and it was adjudged that Dillon Asher was entitled to a homestead in the land in controversy and same was exempt from sale under execution, attachment, or judgment, and not subject to the debt of the bank. From that judgment the bank is appealing.

The evidence introduced on hearing of the exceptions took a rather wide range and related to matters and proceedings in the common-law action against Dillon Asher and matters connected with this action which we do not deem pertinent since this is not a proceeding to set aside, vacate, or modify any of the judgments or orders entered by the court in either action, except the judgment on the exception to the report of sale made under execution which issued on the sale bond taken by the master commissioner.

As we view the matter the only question with which we are concerned is the effect to be given the judgment entered at the January term, 1937, adjudging appellant a lien on the proceeds of the sale bond taken by the commissioner and directing that same be paid to it, after satisfying the claim of plaintiffs in this action.

Counsel for appellee rely on the case of Greenhill's Adm'rs v. Oppenheimer et al., 255 Ky. 221, 72 S. W. (2d) 1037, authorizing and supporting the judgment appealed from. But because of the judgment giving to

appellant a lien on the proceeds of the sale bond and directing that same be paid it, the situation and circumstances are entirely different from those of the case relied on. As already indicated the judgment giving appellant a lien on the proceeds of the sale bond has not been modified, vacated, or set aside, and there has been no appeal from it or from the order overruling the motion to set it aside. The power of the court to modify, set aside, or vacate its judgment at the term at which same was entered is inherent, broad, and comprehensive, and not dependent upon statutes regulating new trials. South Mountain Coal Co. v. Rowland, 204 Ky. 820, 269 S. W. 320; Morris v. Morris, 225 Ky. 823, 10 S. W. (2d) 277; Clements v. Kell, 239 Ky. 396, 39 S. W. (2d) 663; Welch v. Mann's Ex'r, 261 Ky. 470, 88 S. W. (2d) 1. But after the adjournment of the term in which the judgment is rendered the court is without jurisdiction or power to set it aside, except in a way and manner provided by the Civil Code of Practice, section 518. Sauerman Brothers v. Roberts, 266 Ky. 815, 100 S. W. (2d) 225. The judgment giving appellant a lien on the proceeds of the sale bond was a final order and appealable. On sufficient showing it might be vacated or modified by appeal; or by the lower court for causes specified in the Civil Code of Practice. Forrester v. Howard, 124 Ky. 215, 98 S. W. 984, 30 Ky. Law Rep. 375, 124 Am. St. Rep. 394. But until modified, vacated, or set aside, it was conclusive and binding upon the parties, and the court was in error in rendering the judgment at a subsequent term while the former judgment was in full force and effect. When the court overruled appellee's motion to set aside the judgment, his remedy was by appeal, which is still open to him.

Wherefore the judgment is reversed, with directions to set it aside, and for proceedings in conformity with this opinion.