# Furst et al. v. Meek et al.

May 12, 1944

Fred Howes for appellants.

Wells & Wells for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

On May 7, 1936, the appellants sued W. H. Meek as principal, and J. D. Ward, I. S. Ward, and Robey Lewis as his sureties, to recover $840.73, with interest from July 14, 1933, allegedly due for merchandise sold under a written contract. Defenses were interposed and the

510

issues joined, following which ensued the errors of Court and Counsel which resulted in the dilemma from which appellants seek to be extricated. A brief presentation in chronological order of the steps taken may prove helpful in visualizing the questions presented.

On June 13, 1938, on motion of plaintiff the action was dismissed without prejudice as to W. H. Meek. This, it appears, was because Meek had died.

On February 12, 1941, the plaintiffs filed a "petition for revivor," reciting that the defendant, Wells, had died leaving surviving him a widow, Mary Wells, and the following children and heirs at law: Chloe Wells, Ellen Wells Pack, and Melissa Wells Stone. The prayer, however, was not that the action be revived, but merely that summons be issued against the widow and children of Wells, and that plaintiffs be awarded all other relief to which they might appear entitled. No summons, however, was issued against the widow.

On June 15, 1942, the date set for the trial, the defendants failing to appear, proof was heard, and a verdict was returned against Meek, Wells, Ward, and Lewis, and the three children of I. S. Wells for the amount sued for, notwithstanding the fact that Meek and Wells were dead and no order of survivor had been entered.

On July 4, 1942, during the same term, on motion of the three Wells children, the Court vacated and set aside the judgment.

On April 29, 1943, during vacation and without notice, the Court, apparently on his own motion, dismissed the action for want of prosecution.

On August 24, 1943, the plaintiffs filed a "motion and Grounds for a New Trial."

On August 28, 1943, the Court overruled the "Motion and Grounds for a New Trial," and on the same date the three Wells children moved to dismiss the action "as against the estate of I. S. Wells," and filed in support of the motion an affidavit, and a certified copy of the order of the County Court, showing that their father, I. S. Wells, had died on November 4, 1940, and that their mother, Mary Wells, had been appointed and had qualified as administratrix of his estate on November 13, 1940. Thereupon (on August 28, 1943) the Court redocketed the case, set aside the order en-

tered on April 29, 1943, dismissing it, and in the same order again dismissed the action "without prejudice for want of prosecution," and granted plaintiffs an appeal.

On November 22, 1943, plaintiffs moved the Court to "substitute the verdict and judgment predicated thereon in lieu of the orders of dismissal herein," which motion the Court overruled and granted the plaintiffs an appeal.

It is obvious that the order of July 4, 1942, in so far as it set aside that portion of the judgment of June 15th, which awarded a recovery against Meek and the Wells children, was proper, and since appellants neither moved to set the order aside before the expiration of the term, nor excepted to it, the Circuit Court was thereafter without power to reinstate that portion of the judgment relating to Ward and Lewis, and this Court is without jurisdiction to review it. That the Court had the power to set aside the judgment during the term at which it was entered is indisputable. First State Bank, Pineville v. Asher, 273 Ky. 574, 117 S. W. (2d) 581. It is also obvious that the Court properly dismissed the action as to Wells' three children, as more than eighteen months had elapsed since a personal representative of their father's estate had qualified, and no order of revivor against the personal representative had been entered. Civil Code of Practice, Sections 507, 508, 510. Furthermore, the action could not have been revived against the Wells heirs in any event, since it did not involve real estate. Norfolk & W. Ry. Co. v. McCoy et al., 288 Ky. 458, 156 S. W. (2d) 493.

However, we are of the opinion that the Court erred in dismissing the action as to Ward and Lewis "without prejudice for want of prosecution," since the order of April 29, 1943, was a nullity, and at the time the order of August 28, 1943, was entered, the appellants were actively attempting to proceed with the litigation. Moreover, it is exceedingly doubtful whether the Court possessed that power in any event, without assigning the case to a day for trial. Civil Code of Practice, Section 371; Schwartz v. Chesapeake & O. R. Co. et al., 181 Ky. 1, 203 S. W. 852.

So much of the judgment of August 28, 1943, as dismisses the action as to the Wells children is affirmed,

as is also the order of November 22, 1943, overruling appellants' motion to reinstate the verdict of the jury and the judgment of June 15, 1942. So much of the judgment as dismisses the action as to Ward and Lewis is reversed for further proceedings consistent with this opinion.