## Fudge v. Brown et al.

October 21, 1949.

Rehearing denied December 6, 1949.

Hiram H. Owens for appellant.

J. B. Campbell for appellees.

STANLEY, COMMISSIONER—Dismissing appeal.

The appeal is from the Knox County Court in a habeas corpus proceeding instituted by the appellant, Stella Fudge, to recover custody of her four year old child from her paternal grandparents. The case was decided adversely to the petitioner by a county judge pro tem. A motion has been made by the appellees to dismiss the appeal because it was not filed within ten days after judgment. Sec. 429-1, Criminal Code of Practice. Issues have been joined on the motion as

to whether or not the judgment was actually rendered within the period or at a much earlier date. It is quite apparent there were serious irregularities. But we do not find it necessary to decide the issue since the appeal must be dismissed on another ground.

The judge of a county court has no jurisdiction to issue a writ of habeas corpus unless there is no circuit judge in the county at the time. Section 399, Criminal Code of Practice. In such a case the record must show affirmatively that the county judge has jurisdiction. Bard v. Bard, 295 Ky. 254, 173 S. W. 2d 569; Robinson v. Kieren, 309 Ky. 171, 216 S. W. 2d 925. There is not even a suggestion in the present record that there was no circuit judge in Knox County at the time the writ was issued. The county court should have disclaimed jurisdiction and dismissed the proceeding. Johnson v. Harvey, 261 Ky. 522, 88 S. W. 2d 42.

Since the county court was without jurisdiction to determine the case, this court likewise is without power to decide any question save and alone that it is without jurisdiction to consider the appeal. Martin v. Board of Council, 275 Ky. 142, 120 S. W. 2d 761; Furst v. Meek, 297 Ky. 509, 180 S. W. 2d 410. We, therefore, dismiss the appeal.

It may be proper to observe that since the action of the county judge pro tem was void, it does not prevent subsequent proceedings seeking the same end.

Appeal dismissed.